# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT




3:03CV00372(AVC).  October 10, 2003.  This is an action for damages brought pursuant to 42 U.S.C. § 1983, article first, section 7 of the Connecticut constitution, and common law tenets concerning negligence, invasion of privacy, intentional infliction of emotional distress and negligent infliction of emotional distress.  On February 14, 2003 the plaintiff filed the complaint in the superior court of Connecticut.  On March 3, 2003 the matter was removed to federal court.  On May 29, 2003 the defendants filed their answer.  The plaintiff has filed the within motion for permission to file a jury demand (document no. 10).  For the reasons hereinafter set forth, the motion is GRANTED.

It is undisputed that the plaintiff failed to timely file a jury demand.  Nevertheless, the court has discretion to grant a motion to file an untimely jury demand.  See Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 392-93 (2d Cir. 1983); see also Fed. R. Civ. P. 39(b).  The trial court's discretion is particularly broad in those cases that have been removed to federal court by the defendant as compared to those cases originally filed in federal court.  See Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 392-93 (2d Cir. 1983) (although trial court "may not overlook lack of compliance with . . . federal procedure . . . in removed cases, there is nonetheless some 'play in the joints' for accommodating a removed party who may not be at ease in the new surroundings imposed on him").  In exercising its discretion to determine if a jury request should be granted in an action that has been removed, the court is guided by the three part test of Higgins v. Boeing Co., 526 F.2d 1004, 1006-7 (2d Cir. 1975).  Those factors include: (1) whether the state statute grants judicial discretion that comports with Rule 39(b); (2) whether the case is one traditionally tried by juries; and (3) whether the defendant would be prejudiced by the court's action in granting the jury request.  See Higgins v. Boeing Co., 526 F.2d 1004, 1006-7.

Applying these factors, the court concludes that the plaintiff's motion should be granted.  First, the applicable state statute does grant judicial discretion similar to that of Rule 39(b).  See Conn. Gen. Stat. § 52-215 ("any such case may at any time be entered in the docket as a jury case . . . by order of the court").  Additionally, the complaint alleges causes of action that are traditionally tried by juries.  Further, the defendant has articulated no prejudice it would suffer if the motion is granted.  Indeed, the court notes that the request to file a jury demand comes at an early stage in the litigation and therefore any prejudice in the preparation of the defendant's case would be minimal.  Cf. Wysowski v. Sitmar Cruises, 127 B.R.D. 446, 449 (D. Conn. 1989).  The motion is therefore GRANTED.
SO ORDERED.

Alfred V. Covello, U.S.D.J.