```
                                              FILED

                                         2004 MAR 25  P 2: 39

         UNITED STATES DISTRICT COURT     U.S. DISTRICT COURT
            DISTRICT OF CONNECTICUT          HARTFORD, CT.
```

| | |
|---|---|
| KELLY PHANEUF, | : |
| Plaintiff, | : Civil No. 3:03CV00372 (AVC) |
| v. | : |
| ROSE MARIE CIPRIANO, DORENE M. FRAIKIN, KATHLEEN BINKOWSKI, TOWN OF PLAINVILLE and PLAINVILLE BOARD OF EDUCATION, | : |
| Defendants. | : MARCH 23, 2004 |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

The plaintiff, Kelly Phaneuf, hereby objects to the defendants' untimely motion for enlargement of time filed by the defendants on or about March 18, 2004. Specifically, the defendants request that the deadline for designating trial experts be extended until March 30, 2004, and that depositions of said experts be completed by April 30, 2004, and that the deadline for filing all motions be extended in order to permit the defendants to file their untimely motion for summary judgment. The plaintiff objects to the defendants' motion because the request is prejudicial to the plaintiff and will delay the commencement of trial. Further, the defendants failed to file a timely motion for enlargement of time prior to the passage of any of the deadlines set forth in the Court's Scheduling Order dated April 29,

2003. Moreover, the defendants, in further support of their motion, "point out" that both parties missed a deadline in their efforts to seek an untimely extension of time, however, these assertions are inaccurate and misleading. For the reasons set forth herein, the plaintiff respectfully requests that the Court sustain her objection to the defendant's motion for enlargement of time.

In its April 29, 2003 Scheduling Order, the Court entered the following orders:

(3) <u>all</u> discovery, including depositions of <u>all</u> witnesses, shall be completed by January 30, 2004 . . . .

(6) the defendants shall designate all trial experts and provide opposing counsel with reports from retained experts on or before **December 30, 2003**, and depositions of any such experts shall be completed by **January 30, 2004**;

(7) all motions, except motions <u>in limine</u> incident to a trial, shall be filed on or before **March 1, 2004**;

(8) the parties **shall file a joint trial memorandum in accordance with the pretrial order, which order shall accompany the jury selection calendar, and be sent to the parties on March 1, 2004**.

(9) your case shall be **ready for trial by May 3, 2004.**

(See Scheduling Order dated April 29, 2003.) (Emphasis added.)

By motion dated March 18, 2004, the defendants now seek to extend at least three deadlines that have already passed pursuant to the Court's order. Said request is prejudicial to the plaintiff, in that the trial in the above referenced matter is scheduled to be ready by May 3, 2004. Instead, the defendants seek to delay the trial by filing an untimely motion in their

efforts to designate experts almost three months after the deadline has passed; to depose any expert(s) after the deadline to complete discovery has passed; and to file an untimely motion for summary judgment seventeen days after the deadline. While the defendants correctly point out that the discovery deadline was extended until February 27, 2004, for purposes of taking one fact deposition, the defendants fail to similarly point out that the plaintiff's motion for enlargement of time was filed prior to the passage of the January 30, 2004 discovery deadline. Moreover, the defendants submit that the transcript of the Nancy Lewis deposition, taken on February 5, 2004, is not yet available, however, the plaintiff received her copy of said transcript within days of the deposition and paid the invoice for said transcript on February 10, 2004.

Here, there is no basis for the defendants' motion other than the fact that the defendants believed that the summary judgment motion was due on or before August 2, 2004, despite the fact that the case must be ready for trial by May 3, 2004. Clearly, the defendants' request will cause undue delay as the defendants seek extensions until as late as April 30, 2004, and the plaintiff will need to respond to the summary judgment motion in the event that the motion for enlargement of time is granted. Here, the defendants filed the instant motion for enlargement of time on or about March 18, 2004 only after learning from plaintiff's counsel at the settlement conference that the deadline for filing dispositive motions had passed. While the defendants argue that this is their only extension sought with respect to the

3

instant matter, the plaintiff would simply direct the Court's attention to the Notice of Pending Motions attached to the Scheduling Order, in which the defendants' motion for extension of time within which to plead was granted by the Court on April 29, 2003.

Lastly, the plaintiff takes issue with the defendants' attempt to convince the Court that the parties both missed a filing deadline, namely, the filing of the joint trial memorandum. The Court's order clearly provides that "the parties shall file a joint trial memorandum in accordance with the <u>pretrial order, which order shall accompany</u> the jury selection calendar, <u>and be sent to the parties on March 1, 2004</u>." Despite the defendants' assertions to the contrary, the parties did not miss a filing deadline, but rather the Order indicates that the pretrial order will be sent to the parties on said date. Any assertion by the defendants that the parties failed to timely file a joint trial memorandum is simply inaccurate and misleading.

In summary, the plaintiff will be prejudiced by the extensions of time sought in the defendants' untimely motion for enlargement of time, as the defendants' request will clearly delay the commencement of trial in this matter. The defendants seek to extend deadlines that have already passed, including the disclosure of expert witnesses approximately three months after the deadline and the filing of a motion for summary judgment some seventeen days after the deadline. Moreover, the defendants rely on the mistaken assumption that the parties missed a deadline to file a joint trial memorandum, which the parties did not, in fact, miss. For

4

the reasons set forth herein, the plaintiff respectfully requests that the Court sustain its objection to the defendants' motion for enlargement of time.

                THE PLAINTIFF,
                KELLY PHANEUF

                By: _____
                    Sheila J. Hanley (ct 22566)
                    Gesmonde, Pietrosimone & Sgrignari, L.L.C.
                    3127 Whitney Avenue
                    Hamden, CT 06518-2344
                    (203) 407-4200

## ORDER

The foregoing Objection having come before me, it is hereby **ORDERED**:

**SUSTAINED / OVERRULED**.

_____
Judge/Clerk

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, via first class, postage prepaid, this 23rd day of March, 2004 to:

James G. Williams, Esq.
Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT 06473

*Sheila J. Hanley*
Sheila J. Hanley