Westlaw.

Not Reported in A.2d
26 Conn. L. Rptr. 213
**(Cite as: 2000 WL 38451 (Conn.Super.))**

Page 1

▷

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

Frank **DeLEO** et al.,
v.
Elizabeth **REED**.

No. CV 990172435.

Jan. 3, 2000.

MEMORANDUM OF DECISION RE: MOTION TO STRIKE

HICKEY.

*1 This case arises out of a property dispute between two neighbors owning adjoining parcels of land in Darien, Connecticut. The complaint alleges the following facts. The plaintiffs, Frank and Patricia DeLeo, are the owners and residents of 12 Outlook Drive and the defendant, Elizabeth Reed, is the owner and resident of 14 Outlook Drive. The plaintiffs allege that in or prior to November 1975, a fence was erected that ran parallel to the entire boundary between 12 Outlook Drive and 14 Outlook Drive. Thereafter, large Euonymus trees were planted along the entire length of the fence. The plaintiffs further allege that although the fence and trees were positioned on 14 Outlook Drive they acquired ownership of the trees, fence, and property within the fence by virtue of adverse possession.

On August 9, 1999, the defendant filed a motion to strike counts four and five of the plaintiffs' complaint on the ground that Connecticut does not recognize claims for emotional distress based solely on damage to property.

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Peter Michael, Inc. v. Sea Shell Associates,* 244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency ... If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) *Id.,* 270-71. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc. v. BOC Group, Inc.,* 224 Conn. 210, 215, 618 A.2d 25 (1992).

A. Count Four--Intentional Infliction of Emotional Distress

The defendant argues that count four of the plaintiffs' complaint fails to allege all of the elements required to support a cause of action for intentional infliction of emotional distress. Specifically, the defendant argues that damage solely to property does not satisfy the element of outrageous conduct. The plaintiffs, however, argue that they have pleaded a prima facie case sufficient to overcome a motion to strike. The plaintiffs further argue that the element of outrageous conduct is satisfied because the defendant hired workers to cut down and remove the fence and trees, in the plaintiffs' presence. Moreover, they allege that the defendant knew that the fence and trees belonged to the plaintiffs.

"It is well settled that, in order to state a claim of intentional infliction of emotional distress, [i]t must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) *Parsons v. United Technologies Corp., supra,* 243

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d
26 Conn. L. Rptr. 213
**(Cite as: 2000 WL 38451 (Conn.Super.))**

Page 2

Conn. 101. "All four elements must be pleaded in order to survive a motion to strike." *Wargat v. New London Motors, Inc.,* Superior Court, judicial district of New London at New London, Docket No. 528715 (August 30, 1994) (*Hurley, J.*). "[I]ntentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind ... Thus, [i]t is the intent to cause injury that is the gravamen of the tort ..." (Citations omitted; internal quotation marks omitted.) *DeLaurentis v. New Haven,* 220 Conn. 225, 267, 597 A.2d 807 (1991).

\*2 "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy either of these elements is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury." *Mellaly v. Eastman Kodak Co.,* 42 Conn.Supp. 17, 18, 597 A.2d 846 (1991). "[T]he plaintiff must allege and prove conduct considerably more egregious than that experienced in the rough and tumble of everyday life ... [A] line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." (Citations omitted: internal quotation marks omitted.) *Whelan v. Whelan,* 41 Conn.Supp. 519, 522, 588 A.2d 251, 3 CONN.L.RPTR. 135 (1991).

Here, the plaintiffs allege that the defendant, with knowledge of their ownership, hired workers to trespass on their property and cut down the fence and trees. They further allege that the defendant authorized the removal even though she knew of the plaintiffs' love and attachment to the trees. Such allegations, when considered as true and construed in a manner most favorable to sustaining the complaint's legal sufficiency, do not rise to the level of outrageous conduct, or exceed all bounds usually tolerated by a decent society. See *DeLaurentis v. New Haven, supra,* 220 Conn. 267. Indeed, the plaintiffs' allegations amount to no more than the "rough and tumble of everyday life ..." *Whelan v. Whelan, supra,* 41 Conn.Sup. 522, 3 CONN.L.RPTR. 135. Therefore, count four must be stricken because the plaintiffs fail to allege all of the elements necessary to support a cause of action for intentional infliction of emotional distress. See *Wargat v. New London Motors, Inc., supra,* Superior Court, Docket No. 528715.

B. Count Five--Negligent Infliction of Emotional Distress

The defendant next moves to strike count five of the plaintiffs' complaint which asserts a claim for negligent infliction of emotional distress. The defendant argues that Connecticut law does not authorize an action for negligent infliction of emotional distress where such distress arises solely from property damage or inconvenience. The defendant relies on the decisions of other jurisdictions as persuasive authority in support of her position that the plaintiffs may not recover for emotional distress resulting solely from the loss or damage to their property. The plaintiffs, however, argue that there is no appellate authority in Connecticut that supports the notion that a claim for negligent infliction of emotional distress cannot arise out of the theft, misappropriation, or destruction of real or personal property. Moreover, the plaintiffs argue that Connecticut courts routinely award damages for negligent infliction of emotional distress arising out of the theft, misappropriation, or destruction of real and personal property, or trespass thereon.

\*3 "We first recognized a cause of action for negligent infliction of emotional distress in *Montinieri v. Southern New England Telephone Co.,* 175 Conn. 337, 345, 398 A.2d 1180 (1978). We concluded ... that in order to state such a claim, the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an *unreasonable risk* of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Emphasis added; internal quotation marks omitted.) *Parsons v. United Technologies Corp.,* 243 Conn. 66, 88, 700 A.2d 655 (1997). " 'Unreasonable conduct' has been interpreted by the superior courts as conduct performed in an inconsiderate, humiliating or embarrassing manner." (Internal quotation marks omitted.) *Stosuy v. Stamford,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358369 (August 30, 1999) (*Nadeau, J.*).

"[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 3:03-cv-00372-AVC    Document 32-9    Filed 05/24/2004    Page 3 of 4

Not Reported in A.2d
26 Conn. L. Rptr. 213
(Cite as: 2000 WL 38451 (Conn.Super.))

Page 3

physical impact. Nevertheless, we recognize that the protection the law accords to 'the interest in one's peace of mind' ... must be limited so as not to open up a wide vista of litigation in the field of bad manners, where relatively minor annoyances had better be dealt with by instruments of social control other than the law." (Citation omitted; internal quotation marks omitted.) *Montinieri v. Southern New England Telephone Co.,* 175 Conn. 337, 345, 398 A.2d 1180 (1978). "In order to press a negligent infliction of emotional distress claim, a plaintiff must allege facts showing that the defendant negligently breached a duty owed to the plaintiff ... The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated the duty in the particular situation at hand." (Citation omitted; internal quotation marks omitted.) *Shaham v. Wheeler,* Superior Court, judicial district of Danbury at Danbury, Docket No. 321879 (March 12, 1998) (*Nadeau, J.*). "Applying the standard of a reasonable and prudent person, the test is whether defendant should have realized his acts were likely to cause plaintiff such distress." *Ancona v. Manafort Brothers, Inc.,* Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 541193 (April 17, 1998) (*Satter, J.T.R.*). "No Connecticut cases specifically allow recovery for negligent infliction of emotional distress resulting from an injury solely to property." [FN1] *East v. Rosemont Association, Inc.,* Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 141496 (February 28, 1996) (*Ryan, J.*); see also *Librandi v. Stamford,* Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 111346, 3 CONN.L.RPTR. 364 (March 20, 1991) (*Ryan, J.*).

FN1. The Wisconsin Supreme Court's decision in *Kleinke v. Farmers Co-op., Supply & Shipping,* 202 Wis.2d 138, 549 N.W.2d 714 (1996), provides further persuasive authority for rejecting a cause of action for negligent infliction of emotional distress based on damage to property. In *Kleinke,* the court stated that "it is unlikely that a plaintiff could ever recover for the emotional distress caused by negligent damage to his or her property. First, emotional distress based on property damage is the type of injury that will usually be wholly out of proportion to the culpability of the negligent party. The emotional pain that is recoverable in negligent infliction of emotional distress cases must be related to an extraordinary event. Having one's property damaged is not nearly as devastating as witnessing or being involved in the loss of a close relative ... This is not to say that people cannot become extremely distraught when they learn of damage to their property, especially property which is quite significant to them personally. However, ... such types of distress are not compensated because [they are] life experience[s] that all [unfortunately] may expect to endure." (Internal quotation marks omitted.) *Id.,* 145, 549 N.W.2d 714.

*4 Here, because the plaintiffs plead, as a part of their claim, emotional distress as a result of the defendant's workers rebuking and chasing them off the property, the complaint alleges more than damage to property. [FN2] Nevertheless, the plaintiffs' claim for negligent infliction of emotional distress is predominantly based on damage to property, and as such it does not state a claim upon which relief may be granted. See *East v. Rosemont Association, Inc., supra,* Superior Court, Docket No. 141496; *Librandi v. Stamford, supra,* Superior Court, Docket No. 111346, 3 CONN.L.RPTR. 364; *Kleinke v. Farmers Co-op Supply & Shipping, supra,* 202 Wis.2d 145.

FN2. The cases that the plaintiffs rely upon in their opposition to the motion to strike are inapposite. See *Weigert v. Windsor Locks Savings & Loan Association,* Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 114066 (December 13, 1998) (*Holzberg, J.*); *Blouin v. Blouin,* Superior Court, judicial district of New Haven at New Haven, Docket No. 295774 (January 17, 1992) (*Healey, J.T.R.*). Those cases are predicated on conduct that amounts to more than damage to property. See *Weigert v. Windsor Locks Savings & Loans Association, supra,* Superior Court,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d  
26 Conn. L. Rptr. 213  
**(Cite as: 2000 WL 38451 (Conn.Super.))**

Page 4

Docket No. 114066 (where the plaintiff asserted a claim for negligent infliction of emotional distress based on the defendant's unlawful removal and destruction of her cherished family possessions from the cellar portion of the premises which she rented, which the court stated was more in the nature of a theft); *Blouin v. Blouin, supra,* Superior Court, Docket No. 295774 (where the 65 year old plaintiff's negligent infliction of emotional distress claim against his son and daughter-in-law arose out of a property dispute in which his son permitted the property to fall into an unsightly and congested appearance, told the plaintiff that he would welcome his early demise, made obscene gestures, caused the plaintiff to be apprehensive about leaving the property and damaged some of the plaintiff's property).

Moreover, an action for negligent infliction of emotional distress must, as a matter of law, include the allegation that the defendant should have realized that her conduct might result in illness or bodily harm. See *Roberts v. Kelley,* Superior Court, judicial district of New Haven at New Haven, Docket No. 418904 (April 9, 1999) (*Silbert, J.*). Here, the plaintiffs fail to allege any facts which would show that the defendant should have anticipated her conduct might result in illness or bodily injury, therefore, the defendant's motion to strike count five must be granted. See *id.*

Based upon the foregoing, the defendant's motion to strike counts four and five of the plaintiffs' complaint is granted.

2000 WL 38451 (Conn.Super.), 26 Conn. L. Rptr. 213

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works