

Not Reported in A.2d  
(Cite as: 1998 WL 310872 (Conn.Super.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

Jorge TAPIA  
v.  
SIKORSKY AIRCRAFT DIVISION OF UNITED TECHNOLOGIES CORP.

No. CV 95327761S.

June 3, 1998.

Memorandum of Decision Re: Motion to Strike # 129

STODOLINK, Judge.

*1 On December 19, 1997, the plaintiff, Jorge Tapia, filed a third revised complaint against the defendant, Sikorsky Aircraft Division of United Technologies Corporation, alleging invasion of privacy in count one and negligent infliction of emotional distress in violating the plaintiff's right to privacy in count two. [FN1] The defendant filed a motion to strike counts one and two of the plaintiff's third revised complaint on March 6, 1998 with a memorandum in support of its motion. The plaintiff filed an objection to defendant's motion to strike on March 23, 1998 with a memorandum in support of its objection.

> FN1. The defendant previously filed motions to strike counts one and two dated December 12, 1996 and September 3, 1997 claiming that the plaintiff had failed to state legal causes of action with respect to his claims of invasion of privacy and negligent infliction of emotional distress.

These motions were granted by Memorandum of Decisions dated June 19, 1997 and December 9, 1997 respectively.

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff ... If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Faulkner v. United Technologies Corp.,* 240 Conn. 576, 580, 693 A.2d 293 (1997).

1. Invasion of Privacy

The first count pleaded by the plaintiff alleges a cause of action for invasion of privacy based on actions by the defendant involving an inventory of the contents of the plaintiff's locker after the plaintiff had been suspended from employment because he was fighting in the workplace. (See Third Revised Complaint, Count One.) The defendant argues that the allegations of the plaintiff's complaint do not support the necessary elements of a cause of action for invasion of privacy. First, the defendant argues that the plaintiff has failed to adequately allege that the inventorying of the contents of his locker involved an intrusion into his private affairs or concerns. Second, the defendant insists that the plaintiff has failed to allege that the inventorying of the contents of his locker would be highly offensive to a reasonable person.

The plaintiff insists that in his third revised complaint he has alleged that the contents of the locker were private and personal and the intrusion was highly offensive. The plaintiff argues that "[r]egardless of the locker's contents, the act of destroying plaintiff's personal lock and sorting through his personal belongings, all without plaintiff's knowledge or permission, is sufficient to support a cause of action for invasion of privacy."

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d
(Cite as: 1998 WL 310872 (Conn.Super.))

Page 2

The plaintiff notes that in *WVIT, Inc. v. Gray,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 547689 (October 25, 1996) (Lavine, J.), the court held that an employee's secret tape recording of another employee in and of itself constitutes the invasion of that employee's privacy. The plaintiff argues that "[s]imilarly, having one's private space forcibly entered and private belongings inventoried is an 'affront to the average person's sense of dignity' and a 'transgression of boundaries that deserved to be respected.'" (Plaintiff's Memorandum, p. 5. citing *WVIT, Inc. v. Gray, supra,* Docket No. 547689.) In addition, at oral argument, the plaintiff relied on *K-Mart Corp. Store No. 7441 v. Trotti,* 677 S.W.2d 632, 638 (Tex.App.1984), which explains that an employee, by having placed a lock on the locker at the employee's own expense and with the employer's consent, has demonstrated a legitimate expectation of privacy in both the locker itself and those personal effects within it. *Id.*

*2 "Our Supreme Court has described the four types of invasion of privacy: (1) appropriation, for the defendant's benefit or advantage, of the plaintiff's name or likeness: (2) intrusion upon the plaintiff's physical solitude or seclusion; (3) publicity, of a highly objectionable kind, given to private information about the plaintiff even though it is true and no action would lie for defamation; and (4) publicity which places the plaintiff in a false light in the public eye. Section 652D of the Restatement (Second) of Torts defines a tort action for the invasion of personal privacy as being triggered by public disclosure of any matter that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public. Comment (c) of 652D recognizes, however, that not all personal and private information is protected from public disclosure: The rule stated in [652D] gives protection only against unreasonable publicity, of a kind highly offensive to the ordinary reasonable [person]." *Tarka v. Filipovic,* 45 Conn.App. 46, 53-54, 694 A.2d 824, cert. denied, 242 Conn. 903, 697 A.2d 363 (1997).

The plaintiff has not alleged any publication or publicity of his private affairs nor the appropriation of his name or likeness. Therefore, of the four categories recognized by the Restatement, only unreasonable intrusion upon the seclusion of another has any application to the facts alleged by the plaintiff.

An unreasonable intrusion occurs when one "intentionally intrudes, physically or otherwise. upon the solitude or seclusion of another or his private affairs or concerns [in a manner which is]" highly offensive to a reasonable person. *Schwartz v. Royal,* Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 553218 (Hennessey) (May 20, 1996) (holding that defendant's alleged grabbing, hitting the buttocks of, and constant staring at the chest of the plaintiff is sufficient to state a claim for intrusion upon seclusion). "To date, the Connecticut Appellate Courts have not set forth the necessary elements of a claim for unreasonable intrusion upon seclusion." *Id.* "However, several superior courts have concluded that [i]n order to establish a claim for unreasonable intrusion upon the seclusion of another, the plaintiffs must prove an intentional physical intrusion [by the defendant] upon the private affairs or concerns of the plaintiffs which would be highly offensive to a reasonable person." (Citations omitted.) *Id.* See *Gallagher v. Rapoport,* Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149891, 19 Conn.L.Rptr. 474 (May 6, 1997) (D'Andrea, J.) (holding that allegations of repeated and offensive touching of the most private parts of the plaintiff's body as well as sexual demands by the defendant are sufficient to state a claim for an unreasonable intrusion upon the plaintiff's seclusion); *Valenti v. Pasciolla,* Superior Court, judicial district of New Haven at New Haven, Docket No. 379222 (October 15, 1996) (Silbert, J.) (explaining that allegations that the defendant, following a telephone conversation characterized by the plaintiff as "unpleasant," walked in, approached the plaintiff, lifted his hairpiece off his head and threw it across the room in full view of the employee and customers are sufficient to state a claim for an unreasonable intrusion upon the plaintiff's seclusion); *Fields v. Kichar,* Superior Court, judicial district of Tolland at Rockville, Docket No. 054868 (May 2, 1995) (Klaczak,J.) (14 Conn.L.Rptr. 230) (holding that allegations of a series of sexual assaults are sufficient to establish that the defendant physically intruded on the solitude of the plaintiff in a highly offensive manner); *Flowers v. New Britain General Hospital,* judicial district of Hartford/New Britain at Hartford, Docket No. 393885 (June 10, 1994) (Hennessey, J.) (holding that a genuine issue of material fact exists as to whether the defendants' conduct was highly offensive when information on drug use was

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d
**(Cite as: 1998 WL 310872 (Conn.Super.))**

Page 3

obtained by an inventory search of a hospital patient's clothes); *Mastroberti v. Hall,* Superior Court, judicial district of Litchfield at Litchfield, Docket No. 058336 (February 18, 1993) (Pickett, J.) (8 Conn.L.Rptr. 740) (holding that allegations of trespass and taking photographs on the business property of the plaintiff are insufficient to establish an intrusion upon the seclusion of the plaintiff).

*3 The plaintiff has failed to allege facts demonstrating an intrusion upon a privacy interest that is highly offensive to a reasonable person. The court, Thim, J., granted the defendant's motion to strike the first count of the first revised complaint because the plaintiff failed "to allege that by entering the plaintiff's personal locker the defendant discovered any of the plaintiff's private affairs or concerns." *Tapia v. Sikorsky Aircraft Division of United Technologies,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327761 (June 19, 1997) (Thim, J.). The court, Mottolese, J., considered a motion to strike the second revised complaint and ruled that "[w]hile the plaintiff has now alleged that the defendant discovered his 'assorted personal and private items' such an allegation is conclusory and therefore inadequate in the absence of a statement of issuable facts that identify the interest (other than personal preference) of the plaintiff in keeping the items private. Moreover, the plaintiff failed to allege facts to support the allegation that the defendant's intrusion would have been highly offensive to a reasonable person. *Tapia v. Sikorsky Aircraft Division of United Technologies,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327761 (December 9, 1997) (Mottolese, J.) The plaintiff subsequently filed a third revised complaint with the additional allegations that the plaintiff was under suspension from his employment with the defendant when the defendant entered his locker, that the plaintiff's employment was subsequently terminated and that the defendant's discovery of the plaintiff's personal and private items was a contributing factor in the defendant's decision to terminate the plaintiff's employment. (Third Revised Complaint, 12- 14.) These additional allegations fail to identify his interest (other than his personal preference) in keeping the items in his locker private or to support the allegation that the defendant's intrusion would have been highly offensive to a reasonable person. [FN2]

FN2. These allegations go to the wrongful termination rather than the plaintiff's privacy interest in the contents of the locker.

II. Negligent Infliction of Emotional Distress

In the second count, the plaintiff alleges a cause of action for negligent infliction of emotional distress in violating the plaintiff's right to privacy. (See Complaint, Count Two.) The defendant argues that the motion to strike the second count should be granted because the plaintiff has failed to plead sufficient facts to support the proposition that the defendant was negligent or that it knew its actions could cause emotional distress involving the risk of bodily harm. The plaintiff counters that the motion to strike the second count should be denied because it has set out sufficient allegations of fact to show that the defendant knew or should have known that cutting an employee's lock off his personal locker and inventorying the contents would cause a reasonable person emotional distress.

*4 In order to state a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." *Parsons v. United Technologies Corporation,* 243 Conn. 66, 88, 700 A.2d 655 (1997). The court, Thim, J., granted the defendant's motion to strike the second count of the plaintiff's first revised complaint because the plaintiff failed to allege that the "distress, if it were caused, might result in illness or bodily harm." *Tapia v. Sikorsky Aircraft Division of United Technologies,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327761 (June 19, 1997) (Thim, J.). The court, Mottolese, J., granted the defendant's motion to strike the second count of the plaintiff's second revised complaint because "the plaintiff has not alleged why the defendant should have realized that its discovery of these items might have put the plaintiff at risk of suffering emotional distress and that distress might have caused the plaintiff to become ill or suffer bodily harm." *Tapia v. Sikorsky Aircraft Division of United Technologies,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327761 (December 9, 1997) (Mottolese, J.).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d
**(Cite as: 1998 WL 310872 (Conn.Super.))**

Page 4

In the third revised complaint, the plaintiff added the allegations that "the search of the Plaintiff's locker coincided and contributed to the decision to terminate the Plaintiff's employment" and "Defendant should have realized that its conduct in searching the Plaintiff's personal locker at or around the time the Plaintiff was suspended from employment, would involve an unreasonable risk of causing the Plaintiff emotional distress." These allegations are conclusory and therefore inadequate in the absence of issuable facts that identify why the defendant should have realized that the discovery of the items in the plaintiff's locker might have put the defendant at risk of suffering emotional distress. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts." *Novametrix Medical Systems, Inc. v. BOC Group, Inc.,* 224 Conn. 210, 215, 618 A.2d 25 (1992).

For the foregoing reasons, the motion to strike counts one and two of the third revised complaint is granted.

1998 WL 310872 (Conn.Super.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works