UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| KELLY PHANEUF, | : | |
| | : | |
| Plaintiff, | : | Civil No. 3:03CV00372 (AVC) |
| | : | |
| v. | : | |
| | : | |
| ROSE MARIE CIPRIANO, DORENE M. FRAIKIN, KATHLEEN BINKOWSKI, TOWN OF PLAINVILLE and PLAINVILLE BOARD OF EDUCATION, | : : : : | |
| | : | |
| Defendants. | : | MAY 24, 2004 |

**PLAINTIFF'S LOCAL RULE 56 (a) (2) STATEMENT**

Pursuant to District of Connecticut Local Rule 56 (a) (2), the plaintiff, Kelly Phaneuf, submits the following Statement and Disputed Issues of Material Fact is support of her Memorandum in Opposition to Defendants' Motion for Summary Judgment.

1. **Preliminary Statement:**

The plaintiff submits that the defendants' Local Rule 56 (a) (1) Statement is deficient, in that the defendants fail to provide specific citations to their statements of material facts, as required by Local Rule 56 (a) (3). Nevertheless, the plaintiff will respond individually to the statements set forth in the defendants' Local Rule 56 (a) (1), as they may be deemed admitted if not controverted by the opposing party.

**2.     Statement as to Whether the Facts Asserted by the Defendants are Admitted or Denied.**

____1.     The statement made by the defendants is admitted.

2.     The statement made by the defendants is denied to the extent that the defendants assert that the principal, Cipriano, had "individualized suspicion of Kelly," because any suspicion by Cipriano was based solely on an unreliable and unsubstantiated tip made by Michelle Cyr. (See Aff. of Rose Marie Cipriano, attached to Defendants' Motion for Summary Judgment, ¶¶ 15-16 and 19.) The fact that another student made an accusation about the plaintiff is insufficient to provide the principal with individualized suspicion, and Cipriano was provided this secondhand information from Cindy Birdsall. (See Aff. of Cindy Birdsall, attached to Defendants' Motion for Summary Judgment, ¶¶ 5-6.) The remainder of the statement made by the defendants is admitted.

3.     The statement made by the defendants is admitted.

4.     The statement made by the defendants is denied only to the extent that the defendants use the term "party," since the students were headed to their senior class picnic. (See Aff. of Rose Marie Cipriano, attached to Defendants' Motion for Summary Judgment, ¶¶ 6-7; Ex. B, Deposition Transcript of Rose Marie Cipriano, p. 37.) The remainder of the statement made by the defendants is

admitted.

5. The statement made by the defendants is admitted.

6. The statement made by the defendants is admitted.

7. The plaintiff has no basis to dispute this fact, as it is set forth in the defendants' affidavits attached to their motion for summary judgment and, therefore, the statement is admitted.

8. The statement made by the defendants is denied to the extent that the defendants assert that the principal, Cipriano, had "individualized suspicion of Kelly," because any suspicion by Cipriano was based solely on an unreliable and unsubstantiated tip made by Michelle Cyr. (See Aff. of Rose Marie Cipriano, attached to Defendants' Motion for Summary Judgment, ¶¶ 15-16 and 19.) The fact that another student made an accusation about the plaintiff is insufficient to provide the principal with individualized suspicion, and Cipriano was provided this secondhand information from Cindy Birdsall. (See Aff. of Cindy Birdsall, attached to Defendants' Motion for Summary Judgment, ¶¶ 5-6.) The remainder of the statement made by the defendants is admitted.

9. The statement made by the defendants is admitted.

10. The statement made by the defendants is denied to the extent that the defendants state that it was a "violation of school rules." (See Ex. G, Deposition Transcript

|   |   |
|---|---|
|   | of Kelly Phaneuf, pp. 47-48.)  The remainder of the statement made by the defendants is admitted. |
| 11. | The plaintiff denies that the plaintiff's mother "physically performed the search." (See Ex. D, Deposition Transcript of Lisa Phaneuf, pp. 34-37.) |
| 12. | The statement made by the defendants is admitted. |
| 13. | The statement made by the defendants is admitted. |
| 14. | The statement made by the defendants is admitted. |
| 15. | The statement made by the defendants is admitted. |

**3.    Disputed Issues of Material Fact**

    1.  A genuine issue of material fact exists with respect to whether the search was justified at its inception because the defendants lacked individualized suspicion to suspect the plaintiff of possessing marijuana and the search was based on an unreliable tip made by one of the plaintiff's fellow students, which turned out to be a false accusation.  (See Defendants' Memorandum of Law, p. 8; Ex. A, Aff. of Kelly Phaneuf, ¶ 8; Ex. B, Deposition Transcript of Rose Marie Cipriano, pp. 36-37, 53; Ex. C, Aff. of Lisa Phaneuf, ¶ 5; Aff. of Rose Marie Cipriano, ¶¶ 15-16, 19, attached to Defendants' Memorandum; Aff. of Cindy Birdsall, ¶¶ 5-6, attached to Defendants' Memorandum; Ex. F, Deposition Transcript of Nancy Lewis, pp. 12-13.)

2. A genuine issue of material fact exists with respect to the search itself, because the strip search was unreasonable in scope and was excessively intrusive. (See Ex. A, Aff. of Kelly Phaneuf, ¶¶ 13-15; Ex. B, Deposition Transcript of Rose Marie Cipriano, pp. 14 and 44; Ex. C, Aff. of Lisa Phaneuf, ¶¶ 10-12; Ex. D, Deposition Transcript of Lisa Phaneuf, pp. 35-37; Ex. G, Deposition Transcript of Kelly Phaneuf, pp. 68-69.)

3. A genuine issue of material fact exists as to whether or not the defendants are entitled to qualified immunity because sufficient guidance exists in the Second Circuit regarding strip searches of students, and as to whether a reasonable individual would have understood that his or her conduct was unlawful. (See Ex. B, Deposition Transcript of Rose Marie Cipriano, pp. 31-33; Ex. E, Deposition Transcript of Dorene Fraikin, p. 15.)

4. A genuine issue of material fact exists as to whether the defendants are entitled to qualified governmental immunity because the plaintiff falls within an identifiable class of persons, namely, schoolchildren, subject to imminent harm and, therefore, the defendants owed her a duty. (See Ex. A, Aff. of Kelly Phaneuf, ¶¶ 4-16; Ex. C, Aff. of Lisa Phaneuf, ¶¶ 4, 10-12.)

5. A genuine issue of material fact exists as to whether the search performed was outrageous, in order to support the plaintiff's claim for intentional infliction of

   emotional distress, and whether the plaintiff suffered emotional distress as a result of the strip search. (See Plaintiff's Complaint, Count One, ¶¶ 9-11, 13 and Counts Eight and Nine, ¶¶ 14-15; Ex. D, Deposition Transcript of Lisa Phaneuf, pp. 34-37, 41; Ex. F, Deposition Transcript of Nancy Lewis, pp. 17-18; Ex. G, Deposition Transcript of Kelly Phaneuf, pp. 68-69, 88, 92, 96-98.)

6. A genuine issue of material fact exists with respect to the plaintiff's claim for invasion of privacy, because the plaintiff alleges a claim for intrusion upon seclusion, however, the defendants misstate the plaintiff's claim as a claim based upon false light. (See Plaintiff's Complaint, Counts Six and Seven, ¶¶ 1-16.)

The plaintiff also relies upon her arguments and the evidence relied upon in her Memorandum of Law in Opposition to the Defendants' Motion for Summary Judgment, in support of her claim that genuine issues of material fact exist with respect to all of the defendants' claims and, therefore, the Court should deny the defendants' motion.

           **THE PLAINTIFF,**
           **KELLY PHANEUF**

      **By:**_____
        Sheila J. Hanley (ct 22566)
        Gesmonde, Pietrosimone & Sgrignari, L.L.C.
        3127 Whitney Avenue
        Hamden, CT 06518-2344
        (203) 407-4200

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, via first class, postage prepaid, this 24th day of May, 2004 to:

James G. Williams, Esq.
Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT 06473

_____Sheila J. Hanley