UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUN -3  A 11: 06

U.S. DISTRICT COURT
HARTFORD, CT

| | |
|---|---|
| KELLY PHANEUF, | : |
| Plaintiff, | : Civil No. 3:03CV00372 (AVC) |
| v. | : |
| ROSE MARIE CIPRIANO, DORENE M. FRAIKIN, KATHLEEN BINKOWSKI, TOWN OF PLAINVILLE and PLAINVILLE BOARD OF EDUCATION, | : |
| Defendants. | : JUNE 1, 2004 |

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

The Defendants hereby submit their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment ('opposition brief').

The plaintiff has filed her opposition brief, claiming that there are facts which demonstrate the impropriety of defendants actions and which are violations of plaintiff's constitutional rights; that the defendants are not entitled to qualified immunity in that their actions violated clearly established constitutional rights of the plaintiff, which a reasonable person should have known; and that the defendants' are not entitled to qualified governmental immunity on the state law claims because the plaintiff as a schoolchild is entitled to the identifiable person / imminent harm exception to such immunity claims.

The plaintiff has failed to adequately address the issues presented in the defendants' Motion for Summary Judgment and has failed to raise any genuine issues of

fact concerning the same. With respect to the plaintiff's claim of invasion of privacy, namely, intrusion upon seclusion, the plaintiff admits that this claim "directly correspond[s] to her constitutional claims arising from the [alleged] unlawful strip search of her person." (Opposition Brief pg. 34.) Thus, if the Court grants summary judgment on the constitutional claim it should also grant summary judgment on the intrusion upon seclusion claim.

Plaintiff's opposition brief demonstrates that there is no disagreement between the parties as to the standard to be applied in this case with respect to the constitutional violation claim under TLO. There is one main question this Court must ask regarding the conduct of the parties: Did the defendants have a reasonable suspicion that Plaintiff, Kelly Phaneuf, had violated a particular regulation or law which would then allow defendant to search plaintiff, with the sole objective of producing evidence of that violation?

Clearly, plaintiff has been unable to present facts which refute the reasonableness of the defendants' actions.

Plaintiff's assertion that, because the search in question did not reveal the presence of marijuana, she is therefore innocent of the conduct which put her under a reasonable suspicion of drug possession, and the tip provided by Michelle Cyr was an unreliable, false accusation, is flawed. As stated in Cornfield and other cases cited in defendants' motion for summary judgment, the fact that defendants found no drugs or other contraband does not allow the Court to conclude retrospectively that the search was unreasonable in scope. It reasonably follows that a specific, individualized accusation

from a reliable student does not become a "false accusation," just because said tip leads to a search that is unsuccessful in detecting its object.

> "Reasonable suspicion" is a "commonsense, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Ornelas v. United States, 517 U.S. 690, 695 (1996).

Defendant Principal Cipriano based her determination that the plaintiff would need to be searched on many factors including, but not limited to, the suspicious manner of the plaintiff's denial, the credible and specific tip from fellow classmate Ms. Cyr, the plaintiff's past history of disciplinary problems and her duty to insure a safe, healthy environment at the senior picnic as well as her duty to prevent drug use by schoolchildren in her care. (Aff. of Cipriano.)

Plaintiff has been unable to present any evidence to demonstrate that Principal Cipriano's conclusion of reasonable suspicion to search the plaintiff was incorrect. Nowhere can plaintiff contradict Principal Cipriano's observation that plaintiff suspiciously denied the allegation that she possessed drugs, that she had discipline problems in the past, and that contraband in the form of cigarettes and a lighter were found on her person prior to the search in question. (Affidavit of Cipriano.) The discovery of a lighter and cigarettes on the plaintiff's person is further evidence that the plaintiff was capable of violating school rules. Plaintiff has not presented any specific facts to establish that there is a genuine triable issue.

Defendants agree with plaintiff that the test of whether qualified immunity applies in a situation, is whether a reasonable public official believed their conduct did not

violate clearly established statutory or constitutional rights of which a reasonable person would have known.

> For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 1994 U.S. App. LEXIS 22734 (11th Cir. App. 1994)

The plaintiff cites no relevant, clearly established second circuit court decisions that are analogous to the issued presented in this case. In support of her argument, Plaintiff relies upon M.M. v. Anker, 607 F.2d 588 (2nd Cir.1979) a case which held that highly intrusive searches require probable cause. The United States Supreme Court in TLO clearly relaxed this standard to reasonableness under the circumstances. (See Defendants' Memorandum of Law pp. 5-7.) The plaintiff goes on to cite other cases that are not within the second circuit and thus have no bearing on the question of qualified immunity in the present case.

The Supreme Court has clearly held that students are entitled to diminished Fourth Amendment protection, and may be subjected to invasive searches, T.L.O, 469 U.S. 325, even absent any individualized suspicion whatsoever, Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646 (1995); given this, it is not clearly established that Principal Cipriano's decision to search the plaintiff's person, after receiving a credible and specific tip that the plaintiff possessed marijuana in her pants, violated the Constitution. Accordingly the defendants are entitled to qualified immunity for their actions in this case.

Plaintiff mistakenly asserts that the defendants are not entitled to governmental immunity because Kelly Phaneuf was a schoolchild and thus falls within the identifiable person / imminent harm exception. This argument is clearly insufficient to place the

plaintiff in said exception. The plaintiff does not allege a specific dangerous condition that is limited in geographic scope and duration as required by the cases she cites in her opposition brief (See <u>Burns</u> and <u>Purzycki</u>). Thus, the plaintiff has not met her burden in countering the defendants' argument for governmental immunity.

The plaintiff may argue that she was subjected to a danger that occurred during school hours thus she is entitled to the identifiable person / imminent harm exception to governmental immunity. This very argument was specifically rejected by the Appellate Court in <u>Doe v. Board of Education</u>, 76 Conn. App. 296, 305 (2003), where the Court stated:

> The plaintiff suggested that the alleged danger was limited in duration because it existed only during school hours. We reject this argument because it is inconsistent with the opinions in <u>Burns</u> and <u>Purzycki</u>.

Although the courts have applied the identifiable-imminent harm exception to some cases involving injuries to school children, in each of those cases the dangerous condition was sufficiently limited in both duration and geography to make it apparent to the defendants that the school children were subject to imminent harm. See <u>Purzycki v. Fairfield</u>, 244 Conn. 101; <u>Burns v. Board of Education</u>, 228 Conn. 640 (1994); <u>Colon v. Board of Education</u>, 60 Conn. App. 178, (2000).

In this particular case there is nothing in the plaintiff's opposition brief about the search of a school student that subjects that student to imminent harm. Courts have refused to adopt a rule of liability "where some kind of harm may happen to someone....The law requires, to maintain the action, a showing of imminent harm to an identifiable victim." <u>Shore v. Stonington</u>, 187 Conn. 147 (1982). Clearly the plaintiff has failed to meet her burden of overcoming the defendants arguments in their Motion for

Summary Judgment. Accordingly, the plaintiff does not qualify for any exception to the defendants' qualified governmental immunity.

## Conclusion

Based upon the arguments presented above and those in the defendants' initial memorandum of law in support of their motion for summary judgment, defendants respectfully request that this Court GRANT their Motion for Summary Judgment.

Respectfully Submitted,

THE DEFENDANTS,
ROSEMARIE CIPRIANO,
DORENE M FRAIKIN,
KATHLEEN BINKOWSKI,
TOWN OF PLAINVILLE,
PLAINVILLE BOARD OF EDUCATION,

By Their Attorney
_____
JAMES G WILLIAMS, ESQ.
FEDERAL BAR NO CT 01938
WILLIAMS WALSH & O'CONNOR LLC
110 WASHINGTON AVE, 2ND FLR
NORTH HAVEN CT 06473
TEL (203) 234 6333
FAX (203) 234 6330

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, to the following counsel of record, this 2nd day of June, 2004, to:

SHEILA J HANLEY ESQ
GESMONDE PIETROSIMONE & SGRIGNARI LLC
3127 WHITNEY AVE
HAMDEN CT 06518-2344
TEL (203) 407 4200
FAX (203) 407 4211

James G. Williams
Commissioner of the Superior Court