**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KELLY PHANEUF, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil No. 3:03CV00372 (AVC) |
| | : | |
| v. | : | |
| | : | |
| ROSE MARIE CIPRIANO, DORENE M. | : | |
| FRAIKIN, KATHLEEN BINKOWSKI, | : | |
| TOWN OF PLAINVILLE and PLAINVILLE | : | |
| BOARD OF EDUCATION, | : | |
| | : | |
| Defendants. | : | JULY 7, 2004 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
## IN LIMINE TO PRECLUDE EXPERT TESTIMONY AT TRIAL

The plaintiff, Kelly Phaneuf, hereby submits her Memorandum of Law in Support of

Motion in Limine to Preclude Expert Testimony at Trial.  As set forth below, the plaintiff

contends that she will be unduly prejudiced by the defendants' late disclosure of their expert;

that this late disclosure will unduly interfere with the orderly progress of trial; that the late

disclosure suggests a bad faith delay on the part of the defendants; and that the disclosure was

nevertheless inadequate and fails to comply with the Federal Rules.  For the reasons set forth

below, the plaintiff respectfully requests that the Court grant her Motion in Limine.

## FACTS/BACKGROUND

The plaintiff filed a complaint, dated January 31, 2003, alleging deprivation of rights pursuant to 42 U.S.C. § 1983 and other Constitutional Claims, a violation of Article First, § 7 of the Connecticut Constitution, negligence, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence pursuant to General Statutes § 52-557n, indemnity pursuant to General Statutes § 7-465 and indemnity pursuant to General Statutes § 10-235.  Pursuant to the Court's April 29, 2003 Scheduling Order, the defendants were to designate trial experts and provide opposing counsel with expert reports on or about December 30, 2003.  (See Scheduling Order dated April 29, 2003.)  On March 18, 2004, the defendants filed a motion for enlargement of time with respect to the Scheduling Order, which was granted by the Court on March 24, 2004.  (See Defendants' Motion for Enlargement of Time dated March 18, 2004.)  Pursuant to the Court's March 24, 2004 order, the defendants were to designate trial experts and provide opposing counsel with expert reports on or before May 1, 2004.  (See Court Order dated March 24, 2004.)

By "Notice of Disclosure of Expert Report" dated June 11, 2004, the defendants seek to disclose the report of a retained expert, Joseph L. Woolston, M.D.  (See Defendants' Notice of Disclosure, attached hereto as Exhibit A.)  The plaintiff submits that this disclosure is untimely, as it comes approximately forty-one days after the deadline set forth in the Court's extended scheduling order dated March 24, 2004.  Moreover, this disclosure comes

approximately two months before this case is scheduled to be ready for trial, which will prejudice the plaintiff and unduly interfere with the orderly progress of trial. Furthermore, the disclosure itself is inadequate and fails to comply with the Federal Rules governing the disclosure of experts.

The plaintiff contends that the defendants' late and inadequate expert disclosure violates the principles set forth in the Federal Rules, and hereby moves to preclude the testimony of Dr. Woolston. For the reasons set forth below, the plaintiff respectfully requests that the Court grant her Motion in Limine to Preclude Expert Testimony.

**LAW/ARGUMENT**

Under the Federal Rules of Civil Procedure, Rule 26 governs the disclosure of expert testimony and provides that "[e]xcept as otherwise stipulated or directed by the court, this disclosure shall . . . be accompanied by a written report and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." See Fed. R. Civ. Proc. § 26 (a) (2) (B). "These *disclosures shall be*

*made at the times and in the sequence directed by the court. In the absence of other directions* from the court or stipulation by the parties, the *disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial . . . .*" (Emphasis added.)

"[I]n the federal courts, the rules of Discovery [are] designed . . . to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." (Internal quotation marks omitted.) Hildebrand v. Wal-Mart Stores, Inc., 194 F.R.D. 432, 435 (2000); see also Sturdivant v. Yale New Haven Hospital, 2 Conn. App. 103, 107, 476 A.2d 1074 (1984). The Connecticut Appellate Court has gone so far as to say that "sanctions should be imposed to deter those who would use trial-by-ambush tactics." Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 65-66, 504 A.2d 1376, cert. denied, 199 Conn. 807, 508 A.2d 769 (1986), citing Sturdivant v. Yale New Haven Hospital, supra, 2 Conn. App. 103.

In the instant matter, disclosure at this late date of an expert, namely, Dr. Woolston, regarding the plaintiff's claims of emotional distress, is clearly an element of trial preparation that should have, and could have, been contemplated much earlier in these proceedings. In fact, it would appear that the defendants contemplated disclosing an expert on or about March 18, 2004, the date of the defendants' motion for enlargement of time. (See Defendants' Motion for Enlargement of Time dated March 18, 2004.) Recently, in Beecher v. Greaves, 73

4

Conn. App. 561, 808 A.2d 1143 (2002), the Court held that the trial court did not abuse its discretion in precluding the testimony of an expert when the expert was disclosed weeks before the trial was scheduled to commence.  Id.  Here, the defendants seek to disclose their expert approximately eight weeks before the case is scheduled to be ready for trial.

In the event that this motion in limine is denied, the plaintiff will be required to conduct further discovery, which discovery may include a deposition of the expert in order to properly prepare for the cross examination of said expert.  In the Court's March 24, 2004 Order, however, depositions of expert witnesses were to be completed by June 1, 2004, which deadline passed approximately ten days prior to the defendants' expert being disclosed. Additionally, the plaintiff may be required, at this late stage, to hire and disclose her own expert for the purpose of refuting the opinions of said expert.

Moreover, the defendants' disclosure of their expert at this late stage will unduly interfere with the orderly progress of trial in that in order for the plaintiff to adequately prepare, a continuance will be required so that the plaintiff may conduct further discovery. The plaintiff is, however, opposed to a continuance unless this court compels her to request a continuance by refusing to preclude the testimony of the defendants' expert.

The defendants' late disclosure of their expert suggests a bad faith delay on the part of the defendants, as they could have easily disclosed their expert much earlier in these proceedings.  Based on the defendants' motion for enlargement of time dated March 18,

5

2004, the defendants were at least anticipating that they may disclose an expert witness, when they requested that the deadline for designating any such experts be extended until March 30, 2004. The Court extended the deadline for disclosing experts until May 1, 2004, however, the defendants again failed to comply with the Court's Scheduling Order. The plaintiff submits that the defendants' disclosure of their expert at this late date is an attempt at placing the plaintiff in a disadvantageous position immediately prior to trial.

Lastly, the plaintiff submits that the defendants' disclosure is nevertheless inadequate and fails to comply with the requirements set forth under the Federal Rules. Specifically, the disclosure is inadequate in that, while the defendants disclose the expert's name and the expert's report, the defendants fail to disclose the expert's qualifications; a list of publications authored by the expert within the preceding ten years; the compensation to be paid the expert for his study and testimony; and a listing of any other cases in which the expert has testified as an expert at trial or by deposition within the preceding four years, all of which are required disclosures under Fed. R. Civ. Proc. § 26 (a) (2) (B). Accordingly, the plaintiff further submits that the defendants' disclosure of expert fails to comply with the requirements set forth under Fed. R. Civ. Proc. § 26 (a) (2) (B).

## CONCLUSION

In summary, the defendants' Disclosure of Expert was not timely made in accordance with the Court's March 24, 2004 Scheduling Order and/or within a reasonable time prior to trial, which late disclosure will unduly prejudice the plaintiff; will unduly interfere with the orderly progress of trial in this case; suggests a bad faith delay on the part of the defendants; and fails to comply with the requirements of Fed. R. Civ. Proc. § 26 (a) (2) (B).  Accordingly, the plaintiff respectfully requests that this court grant her motion in limine to preclude expert testimony.

**THE PLAINTIFF,**
**KELLY PHANEUF**

_____
Sheila J. Hanley (ct 22566)
Gesmonde, Pietrosimone & Sgrignari, LLC
3127 Whitney Avenue
Hamden, CT 06518
Tel.:  (203) 407-4200

## **CERTIFICATION**

The foregoing was mailed, via first class mail, postage prepaid, this 7th day of July, 2004, to the following counsel of record:

James G. Williams, Esq.
Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT 06473

_____
Sheila J. Hanley