UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KELLY PHANEUF,          :
  Plaintiff,          :
                 :
VS.          :
                 :
ROSE MARIE CIPRIANO,          :
DORENE M. FRAIKIN,          : Civil No. 3:03CV00372 (AVC)
KATHLEEN BINKOWSKI,          :
TOWN OF PLAINVILLE, and          :
PLAINVILLE BOARD OF          :
EDUCATION,          :
  Defendants.          :

### RULING ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is an action for damages alleging violations of the Fourth Amendment to the United States Constitution.  It is brought pursuant to 42 .S.C. § 1983 and common law tenets concerning intentional infliction of emotional distress.  The plaintiff, Kelly Phaneuf, alleges that the defendants, Plainville High School Principal Rose Marie Cipriano, Plainville High School substitute nurse Dorene Fraikin, Supeterintendent of Plainville Public Schools Kathleen Binkowski, the Plainville Board of Education and the Town of Plainville, subjected her to a strip search without reasonable cause to do so.

The defendants have filed the within motion for summary judgment pursuant to Fed. R. Civ. P. 56(c), arguing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.  The issues

presented are: 1) whether the strip search in issue was reasonable in its cause and scope; 2) if the search was not reasonable, whether the defendants are entitled to qualified immunity as government actors; and, if summary judgment is granted on the plaintiff's federal law cause of action, should the court consider: 3) whether the defendants are entitled to governmental immunity with respect to the plaintiff's state law causes of action; and, 4) whether the plaintiff has presented sufficient evidence of intentional infliction of emotional distress and invasion of privacy.

For the reasons that hereafter follow, the court concludes that: 1) the strip search conducted on the plaintiff was reasonable; 2) since the search was reasonable, there is no need to consider whether the defendants are entitled to governmental immunity; 3) since summary judgment is granted on the plaintiff's federal law causes of action, the court will not consider the plaintiff's state law causes of action.

The defendants' motion for summary judgment (document no. 20) is therefore GRANTED.

## FACTS

Examination of the complaint, affidavits, declarations, pleading, Local Rule 56(a) statements, and exhibits accompanying the motion for summary judgment, and the

responses thereto, disclose the following undisputed material facts.

On June 7, 2002, the seniors at Plainville High School were to attend their senior class picnic at an off-campus location.  Prior to departure, various teachers checked each student's bag for security purposes.  One Mrs. Nuzzillilo, a teacher at Plainville High School, checked the plaintiff Kelly Phaneuf's bag.

A student, one Michele Cyr, reported to Cindy Birdsall, a teacher at Plainville High School, that Kelly Phaneuf had informed Cyr and several other students prior to the bag check that she possessed marijuana.  Cyr reported that Phaneuf told the students she planned to hide the substance in her pants during the mandatory bag check.  Birdsall conveyed this information as stated to her to the Plainville high school principal, the defendant, Rose Marie Cipriano. Cipriano considered Cyr's report trustworthy because Cyr worked closely with school staff as an office aid in the high school.  Phaneuf, meanwhile, had a history of disciplinary problems.

Cipriano boarded the bus on which Kelly Phaneuf sat and asked Phaneuf to disembark and to follow her.  She and Birdsall led Phaneuf to the nurse's office while explaining to her that a fellow classmate had informed them that Phaneuf

3

possessed marijuana.  Phaneuf denied the allegation in a
manner that made both Cipriano and Birdsall believe she was
lying.  Once at the nurse's office, Cipriano informed the
substitute nurse, the defendant Dorene Fraikin, that she must
conduct a strip search of Phaneuf's underpants.  Cipriano
ordered Fraikin to specifically "open and check" that area.
When Fraikin expressed apprehension in conducting the search
herself, Fraikin and Cipriano called Phaneuf's mother, Lisa
Phaneuf.  They requested that she come to the school to
conduct a strip search of her daughter's person for the
possible possession of marijuana.

Cipriano then conducted a search of Kelly Phaneuf's bag.
She found cigarettes and a lighter.  Possession of these
items on  school grounds violated school rules.

When Lisa Phaneuf arrived at the school, Cipriano
instructed her to conduct a strip search of her daughter's
pants.  She did not order her to search Kelly's shirt.  Lisa
conducted the search in a small room while substitute nurse
Fraikin stood behind her.  A closed curtain separated the
doorway of the room from the common area.  During the search
Kelly Phaneuf lifted up her shirt and pulled down her bra to
show that nothing was tucked in either of these two articles
of clothing.  She then dropped her skirt to the floor.  Lisa
Phaneuf asked Fraikin if that was enough, and Fraikin

4

answered that it was not.  Kelly then pulled her underpants
away from her body to show that there was no marijuana in her
underpants.  Fraikin maintains that she turned away and did
not watch the search.  On the other hand, Kelly Phaneuf
maintains that Fraikin watched the search.

The search did not reveal marijuana or any other illegal
substance.  Lisa Phaneuf drove her daughter home.  Lisa later
drove Kelly back to the school, and Cipriano gave Kelly a
ride to her senior picnic.

On January 31, 2003, Kelly Phaneuf filed a complaint in
Connecticut superior court.  On March 3, 2003, the defendants
filed a notice of removal to the United States District Court
for the District of Connecticut.  On March 17, 2004, the
defendants filed the present motion for summary judgment.

**STANDARD**

On a motion for summary judgment, the moving party must
show that there are no genuine issues of material fact in
dispute and that it is entitled to judgment as a matter of
law. Fed. R. Civ. P. Rule 56(c); Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed. 202 (1986).
A dispute regarding a material fact is genuine "if the
evidence is such that a reasonable jury could return a
verdict for the non-moving party." Aldrich v. Randolph Cent.

<u>Sch. Dist</u>., 963 F.2d 520, 523 (2d Cir. 1992) (quoting <u>Anderson</u>, 477 U.S. at 248).

The court resolves "all ambiguities and draw[s] all inferences in favor of the non-moving party in order to determine how a reasonable jury would decide." <u>Aldrich</u>, 963 F.2d at 523. Thus, "only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991).

In opposing a motion for summary judgment, the "adverse party may not rest upon the mere allegations or denials of [its] pleading," but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. Rule 56; <u>see</u> <u>D'Amico v. City of New York</u>, 132 F.3d 145, 149 (2d Cir. 1998). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(d). "[T]he mere verification by affidavit of one's own conclusory allegations is not sufficient to oppose a motion for summary judgment." <u>Zigmund v. Foster</u>, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citations and quotation marks omitted).

Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient [to avoid the entry of summary judgment

against the non-moving party]; there must be evidence on when
the jury could reasonable find for the [non-moving] party."
Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S.Ct. 2505,
91 L.Ed.2d 202 (1986).

## DISCUSSION

I. Fourth Amendment Causes of Action[1]

The defendants first argue that the search conducted
upon Kelly Phaneuf's person was reasonable.  Specifically,
they maintain that considering the totality of the
circumstances, there was reasonable suspicion to believe a
search would reveal the possession of marijuana.

Kelly Phaneuf responds that the search was not
reasonable. Specifically, she claims that there was not
individualized suspicion to believe that she carried
marijuana on her person on the day of the search.

In New Jersey v. T.L.O., 469 U.S. 325 (1985), a high
school teacher caught two girls smoking in the school
lavatory.  He brought the girls to the assistant principal,
Theodore Choplick.  One of the girls, T.L.O., denied that she
had been smoking and claimed that she did not smoke at all.

---

[1] The Fourth Amendment provides,
   The right of the people to be        their persons,
   houses, papers, and effects, against unreasonable searches
   and seizures, shall not be violated, and no Warrants shall
   issue, but upon probable cause, supported by Oath or
   affirmation, and particularly describing the place to be
   searched, and the persons or things to be seized.
U.S. Const. amend. IV.

New Jersey v. T.L.O., 469 U.S. 325, 328 (1985).  Choplick

opened T.L.O.'s purse and found a package of cigarettes.  He

also noticed a package of cigarette rolling papers, which

were associated with the use of marijuana.  Choplick

proceeded to search the purse thoroughly and found a small

amount of marijuana, instruments employed in the use and sale

of marijuana, a substantial quantity of money, and letters

implicating T.L.O. as a drug dealer.  Id.  T.L.O.'s mother

took her to police headquarters, where she confessed to

selling marijuana.  Id. at 329.  New Jersey brought charges,

and T.L.O. moved to suppress the evidence on the grounds that

Choplick's search of her purse violated the Fourth Amendment.

The court denied the motion to suppress on the grounds that

school officials may conduct a search if there is reasonable

suspicion of a crime.  Id.

The New Jersey Appellate Court affirmed the judgment.

T.L.O., 469 U.S. at 330.  The Supreme Court of New Jersey

reversed and ordered the suppression of the evidence found in

T.L.O.'s purse.  Id. at 331.  That court agreed that a school

official can conduct a warrantless search on reasonable

grounds of suspicion but found the search of T.L.O.'s purse

to be unreasonable because the possession of cigarettes did

not necessarily mean that T.L.O. violated the rules by

smoking them.  Id.  Choplick had no specific information that

there were cigarettes in her purse, and the evidence of drug
use Choplick saw did not justify extensive rummaging through
T.L.O.'s papers.  New Jersey v. T.L.O., 469 U.S. 325, 331
(1985).

The United States Supreme Court held that the search did
not violate Fourth Amendment standards.  T.L.O., 469 U.S. at
333.  The Supreme Court held that the Fourth Amendment's
prohibitions on unreasonable searches and seizures did apply
to searches conducted by public school officials.  Id. at
337.  However,

> the accommodation of the privacy interests of
> schoolchildren with the substantial need of teachers and
> administrators for freedom to maintain order in the
> schools does not require strict adherence to the
> requirement that searches be based on probable cause to
> believe that the subject of the search has violated or
> is violating the law.  Rather, the legality of a search
> of a student should depend simply on the reasonableness,
> under all the circumstances, of the search.
> Id. at 341.

Using the Terry v. Ohio, 392 U.S. 1 (1967), standard,
the Supreme Court ruled that when considering the
reasonableness of a search in school, a court must consider
whether the action was reasonable at its inception and was
reasonably related in scope to the circumstances which
justi    the interference in the first p'    .  New Jersey v.
T.L.O., 469 U.S. 325, 341 (1985).  The Supreme Court conceded
that the standard of reasonable suspicion is not

substantially different from the standard of reasonable grounds used by the New Jersey Supreme Court. New Jersey v. T.L.O., 469 U.S. 325, 343 (1985). However, the Court found that the search for cigarettes in T.L.O.'s purse was reasonable because such evidence would impeach T.L.O.'s statement that she did not smoke at all. Id. at 345. "[T]he requirement of reasonable suspicion is not a requirement of absolute certainty but only of sufficient probability." Id. at 346. Once Choplick found the rolling papers, he had reasonable suspicion to believe that T.L.O. was also carrying marijuana. Finding each bit of additional evidence justified Choplick's further search for more evidence of T.L.O.'s illegal activities. Id. at 347.

The reasonableness of a strip search of a student by public school administrators is subject to higher scrutiny than a search of a student's possessions. "What may constitute reasonable suspicion for a search of a locker or even a pocket or pocketbook may fall well short of reasonableness for a nude search." Cornfield By Lewis v. Consolidated High School Dist. No. 230, 991 F.2d 1316, 1321 (7th Cir. 1993).

A. Reasonableness at the inception of the search.

The defendants first argue that the search was justified at its inception because they had reasonable suspicion to

believe that a search of Kelly Phaneuf's person would turn up
evidence that she was violating the law.  Specifically, the
defendants claim that the specific tip coming from a reliable
student combined with Cipriano's and Birdsall's subjective
impression that Phanuef was lying, Phanuef's past
disciplinary problems, and the discovery of lighter and
cigarettes in Phaneuf's belongings gave the defendants
reasonable suspicion to believe that Phaneuf had placed
marijuana down her pants.

Kelly Phaneuf responds that the search was not justified
at its inception because the defendants lacked individualized
suspicion.  Specifically, she responds that the  ip from a
teacher, Ms. Birdsall, based on the secondhand information
from the student Cyr, does not amount to indiv  alized
suspicion that she might have marijuana on her person.  She
also responds that the accusation should have been suspect,
being that it was the type of accusation that could lead to a
highly invasive search, and Phaneuf had already been
subjected to a bag search.

"[W]hether any given search was justified at its
inception must be adjudged according to the circumstances
existing at the moment that particular search began."
DesRoches by DesRoches v. Caprio, 156 F.3d 571, 577 (4th Cir.
1998).  In other words, in determining the reasonable of the

strip search, a court does not look at the circumstances at the moment the defendants first announced their intention to perform a strip search. DesRoches by DesRoches v. Caprio, 156 F.3d 571, 577 (4th Cir. 1998). Rather, the court looks at the circumstances as they existed at the moment the defendants performed the strip search. Id. at 578. Such circumstances include the quality of the tip, see C.B. By and Through Breeding v. Driscoll, 82 F.3d 383 (11th Cir. 1996); Williams by Williams v. Ellington, 936 F.2d 881 (6th Cir. 1991), the subjective suspicion of a teacher's observations, see Cornfield By Lewis v. Consol. High Sch. Dist. No. 230, 991 F.2d 1316 (7th Cir. 1993), and the student's past disciplinary problems. See Cornfield, 991 F.2d at 1323; Williams, 936 F.2d at 887.

In C.B. By and Through Breeding v. Driscoll, 82 F.3d 383 (11th Cir. 1996). a student informant had been told by another student that plaintiff C.B. had drugs in his possession and planned to execute a drug sale later that day. Id. at 385. The school principal accepted the student informant's information, retrieved the student from class, and asked the student to empty his pockets. Id. The court held that the search of the student's coat pockets based only by the tip of another student did not violate the Fourth Amendment under the circumstances. Id. at 388. The court

cited that the tip was not anonymous and was corroborated with a description of the coat in which the drugs were reported and were found. C.B. By and Through Breeding v. Driscoll, 82 F.3d 383, 388 (11th Cir. 1996). "The tip in this case provided sufficient probability, viewed against the 'reasonable grounds' standard, to justify the search here." Id.

In Williams by Williams v. Ellington, 936 F.2d 881 (6th Cir. 1991), a student informed the high school principal, Ellington, that two fellow students possessed drugs and had offered some to her. Id. at 882. The informant had made the same complaint against the same students previously. A teacher corroborated the accusation when she reported that one of the accused students behaved strangely that day. Id. The teacher had also found a note under one of the accused students' desks during the previous semester that referred to a party and the use of a "rich man's drug". Id. Upon questioning, one student produced a vial of illegal drugs. Id. at 883. The other student, Williams, insisted she did not possess drugs. The Assistant Principal first searched Williams' locker and purse but found nothing. Id. Ellington then requested a search of Williams' person, which also did not produce evidence of drugs. Id. The court found the strip search to be reasonable based on the events that

occurred during the week leading up to the search.  Williams
by Williams v. Ellington, 936 F.2d 881, 887 (6th Cir. 1991).
"Like T.L.O., after Ellington's initial suspicions were
raised, new evidence appeared to justify the extended level
of intrusion."  Id.;  see also Singleton v. Board of Educ.
USD 500, 894 F. Supp. 386 (D. Kan. 1995)  (accusation by an
adult provided reasonable suspicion for the strip search of a
student).

In Cornfield By Lewis v. Consol. High Sch. Dist. No.
230, 991 F.2d 1316 (7th Cir. 1993), a teacher searched a male
student after the teacher observed an unusual bulge in the
crotch area of the student's sweatpants.  Id. at 1319.  The
student had a wide array of previous suspicions of drug use
against him.  Id. at 1322.  The court  nd that the
"cumulative effect of [the events leading up to the search]
is sufficient to create a reasonable suspicion that Cornfield
was crotching drugs," which justified the search.  Id. at
1323;  see also  Widener v. Frye, 809 F. Supp. 35 (S.D. Ohio
1992) (the smell of marijuana around a student and his
lethargic actions justified a strip search).

Applying these principles, the court concludes that the
search conducted of Kelly Phaneuf's person was justified at
its inception.  At the inception of the search, the school
administrators had a tip from a reliable student that was

specific as to the type of illegal substance and specific as
to its location.  School administration also knew of
Phaneuf's past disciplinary problems and observed Phaneuf's
suspicious denial of the accusation.  The tip combined with
the other evidence gave the school administration reasonable
suspicion to recheck Kelly Phaneuf's bag.  See C.B. By and
Through Breeding v. Driscoll, 82 F.3d 383, 388 (11th Cir.
1996) (a tip from a fellow student justified a search of a
student's coat pockets).  Once defendant Cipriano found the
cigarettes and lighter in Kelly's purse, she had a higher
level of suspicion that Kelly could also be carrying
contraband on her person.  The heightened level of suspicion
justified the extended level of intrusion necessary to
conduct a search of Kelly Phaneuf's person for evidence of
drug possession in school.

Kelly Phaneuf relies on Fewless Ex Rel. Fewless v. Board
of Educ. Of Wayland, 208 F. Supp. 2d 806 (W.D. Mich. 2002),
in support of the proposition that the search was not
reasonable.  However, that case is distinguishable from the
current facts in a number of significant ways.  In that case,
four students informed school administration en masse that
plaintiff Fewless possessed marijuana.  Id. at 809.  Three of
the four student informants were to serve detention and pay
restitution for destroying Fewless's school project.  When

questioned, Fewless turned in to school administration a
lighter he had in his possession. <u>Fewless Ex Rel. Fewless v.
Board of Educ. Of Wayland</u>, 208 F. Supp. 2d 806, 809 (W.D.
Mich. 2002). When a search of Fewless's bag and pockets did
not reveal marijuana, two students, who were scheduled to
serve detention for harassing Fewless, reported that Fewless
claimed to them that he hid marijuana down his "butt crack."
<u>Id.</u> at 810.  The assistant principal and security person then
conducted a strip search of Fewless. <u>Id.</u> at 811.  Fewless
did not have any previous history of involvement with drugs
at the school. <u>Id.</u> at 812.  The search was found to be
unreasonable, as the defendants did not question the clearly
possible ulterior motives of the informants. <u>Id.</u> at 816-17.

Although Kelly Phaneuf argues that malice motivated the
accusation against her, which warranted the same level of
suspicion used by the district court in <u>Fewless</u>, 208 F. Supp.
2d 806 (W.D. Mich. 2002), she has not produced any evidence
of malice or an ulterior motive of the informant.  Based on
the evidence on record, Michele Cyr had no reason to harass
Kelly Phanuef.  Because the facts at hand lack the suspicious
veracity present in <u>Fewless</u>, <u>Fewless</u> is inapposite.

b. <u>Reasonableness in Scope of the Search</u>

The defendants argue that the manner of the search was
not excessively intrusive in light of the age and sex of the

plaintiff and the nature of the infraction. Specifically, they maintain that it was not intrusive because the student's mother conducted the search. They assert that the female nurse stood with her back to Kelly, and the plaintiff was not required to completely remove her clothing. They maintain the search was reasonably related to the objective of uncovering the suspected drug. Finally, they maintain that the nature of the concern is such that the principal's suspicions warranted a search for the sake of the students.

Phaneuf responds that the search was excessively intrusive in light of her age and sex and the nature of the infraction. Specifically, she responds that the search went beyond that required by the information against her because it included the removal of her shirt and bra. Phaneuf also asserts that Fraikin inspected her person and watched her mother inspect her person.

The Supreme Court in New Jersey v. T.L.O., 469 U.S. 325 (1985) held that "[A] search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." Id. at 342. "A nude search of a student by an administrator or teacher of the opposite sex would obviously violate [the excessively intrusive] standard. Moreover, a

highly intrusive search in response to a minor infraction
would similarly not comport with the sliding scale advocated
by the Supreme Court in <u>T.L.O.</u>" <u>Cornfield By Lewis v. Consol.
High Sch. Dist. No. 230</u>, 991 F.2d 1316, 1320 (7th Cir. 1993).
However, the Supreme Court does not consider excessively
intrusive to mean the least intrusive.  "[T]his Court has
repeatedly stated that reasonableness under the Fourth
Amendment does not require employing the least intrusive
means, because the logic of such elaborate less-restrictive-
alternative arguments could raise insuperable barriers to the
exercise of virtually all search-and-seizure powers." <u>Board
of Educ. of Indep. Sch. Dist. No. 92 of Pottawatomie City v.
Earls</u>, 536 U.S. 822, 837 (2002) (internal citations and
quotation marks omitted).

Other circuit courts have considered the scope of a
strip search to be reasonable when the search is conducted by
members of the same sex and only extends as far as necessary
to satisfy the reasonable suspicion.  The Sixth Circuit
upheld the reasonableness in scope of a strip search of a
female student in <u>Williams by Williams v. Ellington</u>, 936 F.2d
881, 884 (6th Cir. 1991). The search was conducted by a
female assistant principal and female secretary and included
a search of both the upper and lower body, as the defendants
did not have any indication as to where drugs could possibly

18

be hidden on the plaintiff.  Williams by Williams v.
Ellington, 936 F.2d 881, 883 (6th Cir. 1991).  The court held
that the "[d]efendants were not unreasonable, in light of the
item sought (a small vial containing suspected narcotics), in
conducting a search so personally intrusive in nature."  Id.
at 887.

The Seventh Circuit upheld the reasonableness in scope
of the strip search of a male student in Cornfield By Lewis
v. Consol. High Sch. Dist. No. 230, 991 F.2d 1316, 1323 (7th
Cir. 1993). A male teacher and male dean performed a full
strip search on the suspicion that the student was
"crotching" drugs.  The student was stripped entirely but
allowed to wear a gym uniform while the searches inspected
his clothing. Id. at 1319.  "[G]iven Spencer and Frye's
suspicion that Cornfield was crotching drugs, their
conclusion that a strip search was the least intrusive way to
confirm or deny their suspicions was not unreasonable." Id.
at 1323.

Here, the scope of the search was reasonably related to
the objectives of the search.  The information alleged that
Kelly Phaneuf hid marijuana in her underpants.  It was
therefore necessary to check the underpants.  Phaneuf argues
that it was not necessary to check her shirt and bra on the
suspicion that she had marijuana down her pants.  She argues

that this part of the search was unreasonably intrusive.
Cipriano never ordered Kelly to lift up her shirt and bra.
Her instructions were limited to Kelly's underpants, an area
limited in scope to the information from the tip.  The
defendant Fraikin also never ordered Kelly to lift her shirt.
From the record, it appears that Kelly initiated the search
of her shirt and bra herself without instruction from
Cipriano or Fraikin.

The defendants were within the scope of reasonable
intrusion in light of the age and sex of the student.  The
strip search was conducted by the plaintiff's own mother in
the presence of a female school nurse.  As the plaintiff's
mother, Lisa Phaneuf was the person from whom the plaintiff
had the least reason to be embarrassed.  Although there is
dispute as to whether the nurse watched the search, this is
not a dispute of material fact relevant to the motion for
summary judgment.  A nurse, as a faculty member employed by
the school as a medical confidant to the students, is a more
appropriate employee than a teacher or security guard to
conduct a search of a student's person.  From the record, the
only other person in the nurse's station at the time of the
search was defendant Cipriano, who is also a female.
Although the doorway of the room in which the search was
conducted did not have an actual door, it was reasonably

20

partitioned.  There was no one else in the station to intrude upon Kelly Phaneuf's privacy during the search.

Finally, the nature of the suspected infraction justified the search.  The Supreme Court has many times upheld the reasonableness of searches and subsequent invasion of privacy when concerned with drug use and possession in the nation's schools.  "Indeed, the nationwide drug epidemic makes the war against drugs a pressing concern in every school." Board of Educ. of Indep. Sch. Dist. No. 92 of Pottawatomie City v. Earls, 536 U.S. 822, 834 (2002) "[T]he effects of a drug-infested school are visited not just upon the users, but upon the entire student body and faculty, as the educational process is disrupted." Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 662 (1995).

The senior students at Plainville High School, including Kelly Phaneuf, were to attend an off-campus picnic on the day of the search.  The school would have less control over the students, and the students were more vulnerable to the negative influence of drugs while off campus.  Considering the possible harm that could come to the students from drug use while off-campus but under the school's guardianship, the defendants were justified to thoroughly investigate their suspicion.

Because the Court concludes that the search of Kelly Phaneuf's person was reasonable at inception and in scope, the defendants' motion for summary judgment is granted.

Because the defendants' motion for summary judgment is granted on their first claim, there is no need to discuss the defendants' qualified immunity claim.

II. State Law Causes of Action

Having granted the defendants' motion for summary judgment on the federal law causes of action, the court declines to exercise its discretion to consider plaintiff's state law causes of action. See Carnegie Mellon v. Cohill, 488 U.S. 343, 350 (1988); accord In re Porges, 44 F.3d 159, 162 (2d Cir. 1995) (stating that court is "not required to dismiss [plaintiff's] state claims [but] dismissal of such claims is a general rule"). The Court therefore dismisses the causes of action brought pursuant to Connecticut law without prejudice.

## CONCLUSION

For the foregoing reasons, the foregoing motion for summary judgment (document no. 20) is GRANTED.

It is so ordered this 21st day of July, 2004, at Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.