Judicial District of New Britain
SUPERIOR COURT
FILED
AUG 18 2005
ANDREW S. HOLDEN
ASSISTANT CLERK

| | |
|---|---|
| CV 04 4001319 S | : SUPERIOR COURT |
| KELLY PHANEUF | : JUDICIAL DISTRICT |
| V. | : OF NEW BRITAIN |
| ROSE MARIE CIPRIANO, DORENE M. FRAIKIN, KATHLEEN BINKOWSKI, PLAINVILLE BOARD OF EDUCATION and TOWN OF PLAINVILLE | : AUGUST 18, 2005 |

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Kelly Phaneuf, has alleged in her revised complaint dated January 25, 2005 that she suffered damages as a result of a strip search conducted during her senior year at school. Rose Marie Cipriano, the principal, ordered the search based upon the statements allegedly made by the plaintiff to another student that she possessed marijuana. The search, which was performed by her own mother under the observation of the substitute school nurse, Dorene M. Fraikin, did not reveal any marijuana. The defendants, Cipriano, Fraikin, Kathleen Binkowski (Superintendent of Schools), the Town of Plainville and the Plainville Board of Education, have moved for summary judgement to enter on all counts on the grounds that the search was justified and reasonable under the guidelines set forth in the United States Supreme Court's decision in *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.ed.2d 720 (1985). Additionally, the defendants maintain that they are entitled to governmental immunity.

The constitutional claim that the search violated Article First, § 7 of the Connecticut Constitution,[1] was fully addressed by Judge Covello in the companion federal case with the same name and parties, *Phaneuf v. Cipriano, et al*, Civil No. 3: 03CV 00372 (AVC), albeit as a violation of 42 U.S.C. § 1983 and the fourth amendment to the United States Constitution. His analysis, based upon current law, including *New Jersey v. T.L.O.*, thoughtfully and fully addresses every issue raised by the plaintiff herein as to both the justification and the reasonableness of the search and no additional purpose would be served by this court further addressing the matter. Inasmuch as our appellate courts have not yet addressed this school strip search issue, it is entirely appropriate to look to and be guided by federal precedent. *State v. Geisler*, 222 Conn. 672, 685, 610 A.2d 1225 (1992). In *New Jersey v. T.L.O.*, supra, 469 U.S. 341, the Supreme Court stated "[w]e join the majority of courts that have examined this issue in concluding that the accommodation of the privacy interests of schoolchildren with the substantial need of teachers and administrators for freedom to maintain order in the schools does not require strict adherence to the requirement that searches be based on probable cause to believe

---

[1] Article First, § 7 of the Connecticut Constitution states: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

that the subject of the search has violated or is violating the law. Rather, the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search. Determining the reasonableness of any search involves a twofold inquiry: first, one must consider whether the . . . action was justified at its inception . . . second, one must determine whether the search as actually conducted was reasonably related in scope to the circumstances which justified the interference in the first place . . . . Under ordinary circumstances, a search of a student by a teacher or other school official will be 'justified at its inception' when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." (Citations omitted; internal quotation marks omitted.)

This court adopts the reasoning of Judge Covello and finds that the search, ordered by the school principal based upon the statements of a reputable student, conveyed to a teacher, the plaintiff's past disciplinary history, the contraband found in the plaintiff's purse and the pressing concern of drug use, was justified. Additionally, as the

-3-

search was conducted solely by the plaintiff's mother, in a private location, albeit under the supervision of the school nurse, this court finds that it was reasonable.

The remaining counts of the revised complaint allege negligence and negligent infliction of emotional distress against the individual or corporate defendants. To the extent this court has found the search justified and reasonable, the court need not address the other claims as they must fail under the above reasoning.[2] The defendants' motion for summary judgment is accordingly granted.

_____
Berger, J.

---

[2] The defendants argue that these counts must fail under the doctrine of governmental immunity. In *Burns v. Board of Education*, 228 Conn. 640, 645, 638 A.2d 1 (1994), the court held "[t]he doctrines that determine the tort liability of municipal employees are well established. Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word 'ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) The plaintiff has conceded that the officials' actions were discretionary.

-4-