UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELLY PHANEUF, | : | |
| | : | |
| Plaintiff, | : | Civil No. 3:03CV00372 (AVC) |
| | : | |
| v. | : | |
| | : | |
| ROSE MARIE CIPRIANO, DORENE M. FRAIKIN, KATHLEEN BINKOWSKI, TOWN OF PLAINVILLE and PLAINVILLE BOARD OF EDUCATION, | : | |
| | : | |
| Defendants. | : | MARCH 21, 2007 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR RECONSIDERATION RE: MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth herein, the plaintiff respectively requests that the Court deny the defendant's Motion for Reconsideration Re: Motion for Summary Judgment and sustain her Objection thereto.

Rule 54 (b) provides in relevant part: "When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54 (b).  "[The Second Circuit Court of Appeals has] limited district courts' reconsideration of earlier decisions under Rule 54 (b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. . . . Thus, those decisions may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." (Citation omitted; internal quotation marks omitted.) *Official Committee of the Unsecured Creditors of Color Tile, Inc.* v. *Coopers & Lybrand, L.L.P.*, 322 F.3d 147, 167 (2nd Cir. 2003).

In the present case, defendants Cipriano and Fraikin request reargument or reconsideration of the plaintiff's invasion of privacy claims.  The plaintiff submits that the law of case controls since the defendants do not set forth any change in the controlling law, new evidence, or the need to correct clear error or prevent manifest injustice.  Instead, the defendants rely on the summary disposition of the plaintiff's state law claims by the Connecticut Superior Court.  *Phaneuf* v. *Cipriano*, Superior Court, judicial district of New Britain, Docket No. CV 04 4001319 (August 18, 2005, *Berger, J.*) (39 Conn. L. Rptr. 890). The state court's ruling on the motion for summary judgment, however, was primarily based

on this Court's July 29, 2004 ruling, and the Second Circuit subsequently clarified the reasonableness standard in student strip search cases while determining that the search at issue was, in fact, unreasonable. *Phaneuf* v. *Fraikin*, 448 F.3d 591 (2nd Cir. 2006).

In order to protect her state law claims, the plaintiff refiled her claims with the Connecticut Superior Court; see 28 U.S.C. 1367 (d) (statute of limitations on state law claims tolled for thirty days following district court's dismissal); and also appealed this Court's dismissal of her state law claims without prejudice. While that appeal was pending, the Superior Court summarily adjudicated the plaintiff's invasion of privacy claim. See *Phaneuf* v. *Cipriano*, supra, Superior Court, Docket No. CV 04 4001319. Therefore, based on the Connecticut Superior Court's reliance on this Court's finding of reasonableness and the fact that the plaintiff appealed the dismissal of her state law claims, the plaintiff submits that this Court maintains jurisdiction over the plaintiff's invasion of privacy claim. Moreover, the defendants were given an opportunity, prior to the Court's January 25, 2007 ruling, to provide this Court with argument as it relates to their motion for summary judgment and declined to do so. The defendants now seek reconsideration after this Court decided the invasion of privacy claim in the plaintiff's favor.

Based on the foregoing, the plaintiff respectfully requests that this Court deny the defendants' motion for reconsideration and sustain her objection thereto.

                      **THE PLAINTIFF,**
                      **KELLY PHANEUF**

      **By:** /s/ Sheila J. Hall_____
            Sheila J. Hall (ct 22566)
            Gesmonde, Pietrosimone & Sgrignari, L.L.C.
            3127 Whitney Avenue
            Hamden, CT 06518-2344
            (203) 407-4200

## ORDER

The foregoing objection having been heard, it is hereby **ORDERED:**

**SUSTAINED / OVERRULED**

                      **BY THE COURT**

                      _____
                      Judge/Clerk

## **CERTIFICATION**

I hereby certify that on March 21, 2007, a copy of foregoing Plaintiff's Objection to Defendants' Motion for Reconsideration Re: Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                                     _/s/ Sheila J. Hall_____