UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KELLY PHANEUF,<br>  Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| ROSE MARIE CIPRIANO;<br>DORENE M. FRAIKIN; KATHLEEN<br>BINKOWSKI; TOWN OF<br>PLAINVILLE; and PLAINVILLE<br>BOARD OF EDUCATION,<br>  Defendants. | :   Civil No. 3:03CV0372(AVC)<br>:<br>:<br>:<br>:<br>: |

**RULING ON THE DEFENDANTS' MOTION FOR RECONSIDERATION**

    This is an action for damages brought pursuant to 42 U.S.C. § 1983,[1] and common law tenets concerning negligence, infliction of emotional distress, and invasion of privacy. The plaintiff, Kelly Phaneuf, alleges that the defendants, Plainville High School principal Rose Marie Cipriano, Plainville High School substitute nurse Dorene Fraikin, superintendent of Plainville public schools Kathleen Binkowski, the Plainville Board of Education, and the Town of Plainville, subjected her to a strip search in violation of the Fourth Amendment to the United States Constitution.

    On March 18, 2004, the defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). On

---

[1] Title 42 of the United States Code, section 1983, states: "Every person who, under color of . . . [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

July 21, 2004, the court granted the motion, concluding that the search of Phaneuf was both reasonable at its inception and in scope.  Having granted the motion on these grounds, the court declined to consider the defendants' qualified immunity defense, or to take up Phaneuf's remaining state law causes of action.

Thereafter, Phaneuf appealed the grant of summary judgment to the Second Circuit Court of Appeals.  At the same time, she brought an action in Connecticut superior court in furtherance her state law claims.  On August 18, 2005, the superior court granted summary judgment for the defendants as to all of Phaneuf's state law causes of action.  On May 19, 2006, with respect to Phaneuf's § 1983 action, the Second Circuit vacated the grant of summary judgment, and remanded the case to the district court.

On January 25, 2007, unaware of the parallel action in the superior court, this court granted the defendants' motion for summary judgment in part, and denied it in part.  <u>Inter</u> <u>alia</u>, the court denied the motion with respect to Phaneuf's state invasion of privacy cause of action.

The defendants now move for reconsideration of the denial of the motion for summary judgment.  Specifically, they argue that they are entitled to summary judgment because they have already prevailed against Phaneuf in state court with respect to the invasion of privacy cause of action.

Phaneuf responds by requesting that the court deny the motion for reconsideration. Specifically, she argues that this court's denial of summary judgment on remand constitutes the law of the case which "may not usually be changed . . . ." Further, she argues that the district court "maintains jurisdiction over the plaintiff's invasion of privacy claim" because the reasoning in the superior court's ruling relied on the district court's initial grant of summary judgment, a judgment that was eventually vacated by the Second Circuit.

Under the doctrine of <u>res judicata</u>, "final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." <u>Federated Dep't Stores v. Moitie</u>, 452 U.S. 394, 398 (1981) (citations omitted). "Thus, this doctrine applies to preclude later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties . . ., and (4) involving the same cause of action." <u>In re Teltronics Services, Inc.</u>, 762 F.2d 185, 190 (2d Cir. 1985). "[T]he <u>res judicata</u> consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." <u>Federated Dep't Stores v. Moitie</u>, 452 U.S. 394, 398 (1981) (citation omitted).

It is undisputed that when the Second Circuit remanded this case to the district court, the defendants had already obtained a favorable judgment on the merits from a court of competent jurisdiction with respect to Phaneuf's state law causes of action.  As such, Phaneuf was precluded from relitigating those claims in federal court against the parties that had prevailed against her in state court.  Therefore, the defendants were entitled to summary judgment as to Phaneuf's state law causes of action.

Accordingly, the defendants' motion for reconsideration (document no. 50) is GRANTED.  The court's ruling (document no. 49) is vacated to the extent that it addresses the merits of Phaneuf's state law causes of action.  Those state law cause of action are now dismissed.

It is so ordered this 23rd day of March, 2007, at Hartford, Connecticut.

/s/
_____
Alfred V. Covello
United States District Judge