UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELLY PHANEUF, | : | |
| | : | |
| Plaintiff, | : | Civil No. 3:03CV00372 (AVC) |
| | : | |
| v. | : | |
| | : | |
| ROSE MARIE CIPRIANO, DORENE M. FRAIKIN, KATHLEEN BINKOWSKI, TOWN OF PLAINVILLE and PLAINVILLE BOARD OF EDUCATION, | : | |
| | : | |
| Defendants. | : | MAY 18, 2007 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. Rule Civ. P. 56(b), the Defendants, Town of Plainville and Plainville Board of Education, in the above referenced action; hereby submit this memorandum of law in support of their Motion for Summary Judgment as to Count One of the plaintiff's Complaint.

**I.    FACTS AND PROCEDURAL HISTORY:**

On or about January 31, 2003, the plaintiff, Kelly Phaneuf filed this action against the defendants, Rosemarie Cipriano, Dorene M. Fraikin, Kathleen Binkowski, Town of

-1-

Plainville and Plainville Board of Education, in the Connecticut Superior Court, Judicial District of New Britain at New Britain and was made returnable on March 4, 2003. On or about March 3, 2003, the defendants, pursuant to 28 US Code Section 1441, removed the matter to this Court because the plaintiff's Complaint alleged, among other things, the deprivation of plaintiff's rights as protected by the 4th and 14th Amendments to the United States Constitution. (**Dkt. # 1**)

On or about March 17, 2004, the defendants initially filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c). (**Dkt. # 20-22**). On July 21, 2004, the Court granted the motion, concluding that the search of the plaintiff was both reasonable at its inception and in scope. (**Dkt. # 39**). Having granted the motion as to the federal causes of action, the Court declined to exercise jurisdiction over the remaining state law causes of action, including the claim of violation of Article First, § 7 of the Connecticut Constitution. Following said ruling by this Court, the plaintiff brought suit as to her remaining state law causes of action by way of Complaint made returnable to the Connecticut Superior Court, Judicial District New Britain. The remaining claims included: violation of Article First, § 7 of the Connecticut Constitution; negligence; invasion of privacy; intentional infliction of emotional distress; and negligent infliction of emotional distress.

-2-

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

On or about February 17, 2005, the defendants filed a Motion for Summary Judgment as to all counts of the plaintiff's Complaint including claim of violation of Article First, § 7 of the Connecticut Constitution. (**Dkt. # 50-2**). On or about May 31, 2005, Judge Berger heard oral argument regarding defendant's Motion for Summary Judgment and on August 18, 2005 issued a Memorandum of Decision granting defendants Motion for Summary Judgment in its entirety, including plaintiff's claim of violation of Article First, § 7 of the Connecticut Constitution. (**Dkt. # 50-3**). On or about August 26, 2005, the plaintiff filed a Motion for Extension of Time in which to file an appeal of the Superior Court's decision, requesting an extension until September 27, 2005. (**Dkt. # 50-4**). On or about September 2, 2005, the Court, per Judge Berger, granted plaintiff's request for extension of time in which to file an appeal on or before September 27, 2005. (Connecticut Judicial Branch Case Detail Website, available at: http://www.jud2.ct.gov/Civil_Inquiry/DispDetail.asp?DocNum=HHB-CV-04-4001319-S, last visited/obtained May 11, 2007, attached as **Exhibit A**). To this day, the plaintiff has failed to file an appeal of the Superior Court's August 18, 2005 decision. See Id.

On May 19, 2006, with respect to the plaintiffs 28 U.S.C. § 1983 action, the Second Circuit vacated the grant of summary judgment by this Court, and remanded the case. On January 25, 2007, this Court granted the defendants' motion for summary

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

judgment in part, and denied it in part. (**Dkt. # 49**). Inter alia, the court denied the motion with respect to the plaintiff's state invasion of privacy cause of action. On or about February 14, 2007, the defendants moved for reconsideration of the denial of the motion for summary judgment with respect to the invasion of privacy claim because they had already prevailed against the plaintiff in state court with respect to that claim. (**Dkt. # 50**). On March 23, 2007, this Court granted defendants' Motion because when the Second Circuit remanded the case to this Court, the defendants had already obtained a favorable judgment on the merits from a court of competent jurisdiction with respect to plaintiff's state law causes of action, thus, the plaintiff was precluded from relitigating those claims in federal court against the parties that had prevailed against her in state court. (**Dkt. # 55**).

Here, the remaining defendants, Town of Plainville and Plainville Board of Education, move for summary judgment as to the plaintiffs 28 U.S.C. § 1983 action, because said claim is barred by the application of res judicata and collateral estoppel.

II.     **LAW AND ARGUMENT:**

    A.     **Legal Standard for Motion for Summary Judgment**

Summary judgment must be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show

-4-

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

that there is no genuine issue as to any material fact. . . ." Miner v. Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993).  "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.), cert denied, 506 U.S. 965 (1992).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett 477 U.S. 317, 323 (1986).

The Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. "In considering a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. . . . The moving party may satisfy this burden by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Geyer v. Lantz, 2005 U.S. Dist. LEXIS 14127 (D. Conn. 2005). (internal quotation marks omitted.)  Once such a burden is established, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachumu 1991 U.S. Dist. LEXIS 14824, at

-5-

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

*15 (D. Conn. Aug. 28, 1991). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts . . . or defeat the motion through mere speculation or conjecture." Western World Ins. Co. v. Stack Oil Inc., 922 F.2d 118, 121 (2d Cir.1990) (citations omitted, internal quotation marks omitted.)

### B. Defendant is Entitled to Judgment as to Plaintiff's 28 U.S.C. § 1983 Claim based on the Doctrine of Res Judicata

The defendants, Town of Plainville and Plainville Board of Education, are entitled to Judgment as to the plaintiff's 28 U.S.C. §1983 claim because the plaintiff unsuccessfully argued in her Connecticut action that the search violated her rights under Article First, § 7 of the Connecticut Constitution. Thus, the plaintiff's §1983 claim, based on the same facts and alleged violations of her Article First, § 7 of the Connecticut Constitution claim, is barred by the doctrine of res judicata.

Under the full faith and credit statute, 28 U.S.C. § 1738, "Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgment emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980). 28 U.S.C. §1738 provides, in pertinent part, that state court determinations "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT 06473
(Tel) 203-234-6333 (Fax) 203-234-6330
Juris No. 421162

which they are taken." In considering the preclusive effect of a state court judgment on a subsequent federal action, under the full faith and credit statute, the federal courts consult the preclusion laws of the state in which the judgment was issued. Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 81 (1984).

In Connecticut, under the doctrine of res judicata or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim, or any claim based on the same operative facts that might have been made.[1] Joe's Pizza, Inc. v. Aetna Life & Casualty Co., 236 Conn. 863, 871-72, 675 A.2d 441 (1996).  A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." DeMilo & Co. v. Commissioner of Motor Vehicles, 233 Conn. 281, 292 (1995) (citations and internal quotations omitted; emphasis in original).  In Connecticut, summary judgment constitutes a final judgment rendered upon the merits for the purposes of res judicata.  See Daoust v. McWilliams, 49 Conn. App. 718, 726-27 (1998); citing Connecticut National Bank v. Rytman, 241 Conn. 24, 43-44 (1997).

---

[1] In terms of timing, all that is required for the operation of res judicata is that a final judgment in one action precede a judgment in the pending action. Sekor v. Capwell, 1 F. Supp. 2d 140, 145 n.2 (D. Conn. 1998) (citing Restatement (Second) of Judgments § 14, cmt. (a)).

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

In determining whether a party's claim arises from the same operative facts as an already adjudicated claim, Connecticut courts apply the "transaction test" of the Restatement (Second) of Judgments § 24.  Commission of Environmental Protection v. Connecticut Bldg. Wrecking Co., 227 Conn. 175, 189, 629 A.2d 1116 (1993); see Sekor v. Capwell, 1 F. Supp. 2d 140, 145 (D. Conn. 1998) (holding that plaintiff's age discrimination claim arose out of the same transaction as her state court action challenging her termination by the School Board); Meehan v. Town of East Lyme, 919 F. Supp. 80, 83-84 (D. Conn. 1996) (holding that plaintiff's § 1983 claim arose out of the same transaction as his prior administrative appeal of the School Board's denial of his tenure contract). The Restatement (Second) of Judgments § 24 provides:

> The claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.  What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24.  As § 25 elaborates, "the rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) to present evidence or grounds or theories of the case

-8-

not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action.  Id. § 25.

In applying the "transactional test", Connecticut courts "compare the complaint in the second action with the pleadings and the judgment in the first action."  Connecticut Bldg. Wrecking Co., 227 Conn. 175 (1993); see also Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 365 (1986) (courts look to the group of facts alleged to have caused the unlawful injury and note that even if a group of facts gives rise to several kinds of relief, it is still a single cause of action).

Application of the "transactional test" to the present matter shows that the plaintiff's 28 U.S.C. § 1983 claim arises from the same transaction or series of transactions as her Article First, § 7 of the Connecticut Constitution claim and other state law claims.  A review of the Complaint with respect to the § 1983 claim and her Article First, § 7 claim and the decision of Judge Berger demonstrates that the group of facts which the plaintiff claims to have violated her rights are identical in both circumstances.  The issues decided and the standards applied by Judge Berger in the Connecticut court in rejecting the plaintiff's state constitutional claim are the same that would be applicable to the plaintiff's § 1983 claim.  Under both the federal and state Constitutions, the search of the plaintiff must have been justified at its inception and the

-9-

actual search must have been reasonably related in scope.  (**Dkt. # 50-3**);  *see also*; New Jersey v. T.L.O., 469 U.S. 325 (1985).  Judge Berger found that under the Connecticut Constitution, the search of the plaintiff met this standard.[2]  (**Dkt. # 50-3**).

Accordingly, because the state and federal standards regarding the search of the plaintiff are nominally the same in all material respects, the determination of Judge Berger is equally dispositive of the plaintiff's claim under § 1983, and the defendants are entitled to judgment as a matter of law because the plaintiff's claims are barred by the doctrine of res judicata.

### C.  Defendant is Entitled to Judgment as to Plaintiff's 28 U.S.C. § 1983 Claim based on the Doctrine of Collateral Estoppel

The defendants, Town of Plainville and Plainville Board of Education, are entitled to Judgment as to the plaintiff's 28 U.S.C. §1983 claim because the plaintiff unsuccessfully argued in her Connecticut action that the search violated her rights under Article First, § 7 of the Connecticut Constitution.  Thus, the plaintiff's §1983 claim,

---

[2] Arguably, Connecticut offered a higher level of protection to the plaintiff and Judge Berger found that the search met the standard under the Connecticut Constitution. "Federal constitutional and statutory law establishes a minimum national standard for the exercise of individual rights and does not inhibit state governments from affording higher levels of protection for such rights" Cologne v. Westfarms Associates, 192 Conn. 48, 57, 469 A.2d 1201 (1984).

-10-

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

based on the same facts and alleged violations of her Article First, § 7 of the Connecticut Constitution claim, is barred by the doctrine of collateral estoppel.

"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." R&R Pool & Patio v. Zoning Board, 257 Conn. 456, 466 (2001). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." Id. "Furthermore, to invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." Id.

Initially, "an issue is actually litigated if it is properly raised in the pleadings, submitted for determination, and in fact determined." Carol Management Corp. v. Board of Tax Review, 228 Conn. 23, 32 (1993); see also 1 Restatement (Second), Judgments § 27, comment (d). Based on the plaintiff's Complaint, the pleadings and the decision of Judge Berger, it is clear that the plaintiff challenged the reasonableness of the defendants' search on Connecticut due process grounds, and the Superior Court rejected said claim. As indicated above, the Connecticut court applied the standard set forth in New Jersey v. T.L.O., 469 U.S. 325 (1985); the same standard that would be

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

applied in a § 1983 claim analysis. Accordingly, because the Superior Court granted defendants' motion for summary judgment; finding that the search was permissible under New Jersey v. T.L.O., the plaintiff's present claim has been "actually litigated."

Secondly, "an issue is necessarily determined if, in the absence of a determination of the issue, judgment could not have been validly rendered." Carol Management Corp., 228 Conn. at 23. Again, Judge Berger, in finding that the defendants' actions were reasonable and did not violate Article First, § 7 of the Connecticut Constitution, was required to, and did, determine that the defendants' actions were within the standard of New Jersey v. T.L.O., and could not have granted summary judgment without determining the defendants' actions were constitutional.

Accordingly, because the issues before this Court with respect to plaintiff's § 1983 claim were actually litigated and necessarily determined in the prior action before the Connecticut Superior Court, the defendants are entitled to judgment as a matter of law because the plaintiff's claims are barred by the doctrine of collateral estoppel.

### III. CONCLUSION:

Both res judicata and collateral estoppel recognize the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. Isaac v. Truck Services, Inc., 253 Conn. 416, 422 (2006). As indicated

-12-

above, because the plaintiff's §1983 claim, was based on the same facts and alleged violations of her Article First, § 7 of the Connecticut Constitution claim, and was actually litigated and necessarily determined by the Connecticut Superior Court, the defendants are entitled to judgment as a matter of law because her claim are barred by the doctrines of res judicata and collateral estoppel. WHEREFORE, based upon the foregoing, the defendants, Town of Plainville and Plainville Board of Education, respectfully request that summary judgment be granted as to plaintiff's Complaint.

Respectfully Submitted,

THE DEFENDANTS,
TOWN OF PLAINVILLE,
PLAINVILLE BOARD OF EDUCATION

By Their Attorney,


/s/ James G. Williams
JAMES G. WILLIAMS, ESQ.
FEDERAL BAR NO CT 01938
WILLIAMS WALSH & O'CONNOR LLC
110 WASHINGTON AVE, 2ND FLR
NORTH HAVEN CT 06473
TEL (203) 234 6333
FAX (203) 234 6330

-13-

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

## CERTIFICATE OF SERVICE

      I hereby certify that on May 18, 2007, a copy of the foregoing Memorandum of Law in Support of Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

Gesmonde, Pietrosimone, Sgrignari & Pinkus, LLC
3127 Whitney Avenue
Hamden, CT 06518

                              /s/ James G. Williams
                              James G. Williams

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162