UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELLY PHANEUF, | : | |
| | : | |
| Plaintiff, | : | Civil No. 3:03CV00372 (AVC) |
| | : | |
| v. | : | |
| | : | |
| ROSE MARIE CIPRIANO, DORENE M. FRAIKIN, KATHLEEN BINKOWSKI, TOWN OF PLAINVILLE and PLAINVILLE BOARD OF EDUCATION, | : | |
| | : | |
| Defendants. | : | JULY 23, 2007 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

_____The plaintiff, Kelly Phaneuf, hereby submits this Memorandum of Law in Opposition to the Motion for Summary Judgment filed by the defendants, Town of Plainville and Plainville Board of Education. For the reasons set forth herein, the defendants' Motion for Summary Judgment should be denied.

**I.**

**INTRODUCTION/PROCEDURAL HISTORY**

The plaintiff, Kelly Phaneuf, filed a complaint in state court, dated January 31, 2003, against the defendants, Rose Marie Cipriano, Dorene Fraikin, Kathleen Binkowski, Town of Plainville and Plainville Board of Education, seeking damages from a strip search of her

person that took place on or about June 7, 2002. (See Plaintiff's Complaint and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Statement of Facts, dated March 24, 2004.) The defendants subsequently removed the action to the federal court. On March 17, 2004, the defendants filed a motion for summary judgment, which the court granted as to the plaintiff's federal causes of action. The court, however, pursuant to 28 U.S.C. § 1367 (c) (3), declined to exercise jurisdiction over the plaintiff's remaining state law claims and dismissed those claims without prejudice. The plaintiff subsequently appealed the court's ruling to the Second Circuit Court of Appeals, and in an effort to protect her state law claims, the plaintiff refiled her state law claims with the Connecticut Superior Court.[1] On May 31, 2005, the Connecticut Superior Court summarily dismissed the plaintiff's state law claims, primarily in reliance of this court's previous ruling as to the reasonableness of the search. See Phaneuf v. Cipriano, Superior Court, judicial district of New Britain, Docket No. CV 04 4001319 (August 18, 2005, *Berger, J.*) (39 Conn. L. Rptr. 890).

Subsequently, on May 19, 2006, the Second Circuit vacated this court's summary adjudication of the plaintiff's 42 U.S.C. § 1983 claims and remanded the matter back to this court. Phaneuf v. Fraikin, 448 F.3d 591 (2nd Cir. 2006). On January 25, 2007, this court granted the defendants' motion for summary judgment in part and denied it in part.

---

[1] 28 U.S.C. § 1367 (d) allows a plaintiff whose state law claims have been dismissed pursuant to 28 U.S.C § 1367 (c) to refile those claims in state court within thirty days.

Thereafter, the court reconsidered the plaintiff's claims as to the individual defendants and granted summary judgment as to those defendants. The Town of Plainville and the Plainville Board of Education are the only remaining defendants in this action.

The Town and the Board have now moved for summary judgment on the plaintiff's remaining § 1983 claim on the grounds of res judicata and collateral estoppel. For the reasons set forth below, the plaintiff submits that her claims are not barred by the doctrines of res judicata or collateral estoppel and respectfully requests that the court deny the defendants' motion for summary judgment.

**II.**

**STANDARDS GOVERNING THE MOTION FOR SUMMARY JUDGMENT**

"Summary judgment is proper when the record, viewed in the light most favorable to the party against whom judgment is sought, reveals no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." (Internal quotation marks omitted.) On Davis v. The Gap, Inc., 246 F.3d 152, 158 (2nd Cir. 2001); see also Fed. R. Civ. Proc. § 56 (c). "No genuine issue exists if, on the basis of all the pleadings, affidavits and other papers on file, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, it appears that the evidence supporting the non-movant's case is so scant that a rational jury could not find in his favor." (Internal quotation marks omitted.) Centra

Mortgage Holdings, Ltd. v. Mannix, 18 F. Supp.2nd 162 (1998); citing Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.3d 1219 (2nd Cir. 1994).

### III.

### ARGUMENT

A.  **The Plaintiff's 42 U.S.C. § 1983 and Other Federal Constitutional Claims are not Barred by the Doctrine of Res Judicata.**

"Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Thus, the doctrine bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." (Citations omitted; internal quotation marks omitted.) EDP Medical Computer Systems, Inc. v. U.S. 480 F.3d 621, 624 (2007).

The defendants seek summary judgment as to the plaintiff's remaining count, alleging a violation of 42 U.S.C. § 1983 and other federal constitutional rights. "A § 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges." Annis v. County of Westchester, 136 F.3d 239, 246 (2nd Cir. 1998). As such, in order for the plaintiff's claims to be barred by the doctrine of res judicata, the defendant must demonstrate that the state court adjudicated both essential

elements. The plaintiff submits that the state court did not adjudicate her § 1983 claims since it did not reach the issues of whether the defendants acted under the color of law or whether the defendants violated the plaintiff's federal constitutional rights.

The defendants rely on the summary disposition of the plaintiff's state law claims by the Connecticut Superior Court, which claims were re-filed in state court after being dismissed without prejudice by this court. Phaneuf v. Cipriano, supra, 39 Conn. L. Rptr. 890. The state court's ruling on the motion for summary judgment, however, was primarily based on this court's July 29, 2004 ruling, and the Second Circuit subsequently clarified the reasonableness standard in student strip search cases while determining that the search at issue was, in fact, unreasonable. Phaneuf v. Fraikin, supra, 448 F.3d 591. Therefore, the plaintiff never had an opportunity to litigate the reasonableness of the search, as articulated by the Second Circuit in Phaneuf v. Fraikin, and, more specifically, her § 1983 claim and other federal constitutional claims were never adjudicated, since these claims were on appeal to the Second Circuit at the time the plaintiff re-filed her state law claims in state court. Id.

Moreover, the plaintiff's state court complaint did not include any federal causes of action, but instead alleged that the defendants' actions constituted a violation of Article First, § 7 of the Connecticut Constitution, negligence, indemnity, intentional infliction of emotional distress, negligent infliction of emotional distress and invasion of privacy. Therefore, the state court action did not determine the plaintiff's federal constitutional claims. The plaintiff's

5

remaining federal cause of action alleges a violation of § 1983, through the violation of the plaintiff's rights as outlined by the Fourth and Fourteenth Amendments to the United States Constitution, and other constitutional claims.  This is not a situation in which the plaintiff's federal cause of action was adjudicated by the state court, along with the plaintiff's state law causes of action that had been dismissed without prejudice, such as to preclude the pursuit of her federal rights in this court.  See, e.g., Angel v. Bullington, 330 U.S. 183, 67 S. Ct. 657, 91 L. Ed. 832 (1946) (stating that a plaintiff is barred from relitigating federal claims when the plaintiff's federal rights were fully adjudicated in the state court with the state law causes of action).  As such, the plaintiff submits that her claims are not barred by the doctrine of res judicata.  Accordingly, the plaintiff respectfully requests that the court deny the defendants' motion for summary judgment.

**B.    The Plaintiff's 42 U.S.C. § 1983 Claim is not Barred by the Doctrine of Collateral Estoppel.**

"Collateral estoppel, or issue preclusion, applies where: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." (Internal quotation marks omitted.)  Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 146 (2nd Cir. 2005).

The plaintiff submits that the issue of whether or not the defendants' actions amounted to a § 1983 violation was not determined by the state court. Although the state court examined whether or not the defendants' actions violated Article First, § 7 of the Connecticut Constitution and followed the now vacated opinion of this court, the state court did not determine if those actions amounted a violation of the plaintiff's federal constitutional rights, pursuant to 42 U.S.C. § 1983 and/or the plaintiff's other constitutional claims. Moreover, the issue of whether or not the defendants acted under the color law was never considered by the state court because the plaintiff's § 1983 claims were on appeal to the Second Circuit.[2] The plaintiff argues that she never had the opportunity to fully and fairly litigate the issue of whether or not the defendants' actions amounted to a violation of 42 U.S.C. § 1983.

Even if the court determines that the plaintiff did have the opportunity to fully and fairly litigate the issues raised in her federal cause of action, the plaintiff submits that the court should not apply the harsh doctrine of issue preclusion in this case, because to do so will result in the inequitable administration of the laws. In cases in which the claim of issue preclusion is raised, Connecticut has embraced the Restatement of Judgments. See Powell v. Infinity Ins.

---

[2] The plaintiff also appealed, to the Second Circuit, this court's decision to dismiss the plaintiff's state law claims, without prejudice. The Second Circuit, however, never reached the issue because it found that the search at issue was unreasonable. Phaneuf v. Fraikin, 448 F.3d 591 (2nd Cir. 2006). The plaintiff deemed it necessary to refile her state law claims in state court in order to protect her rights to assert those claims past the applicable statute of limitations; had the plaintiff not filed her state law claims in the state court within thirty days, the plaintiff would have placed those claims in jeopardy, should the Second Circuit have ruled in the defendants' favor. See generally 28 U.S.C. § 1367 (d).

Co., 282 Conn. 594, 600-01, 922 A.2d 1073 (2007).  1 Restatement (Second) Judgments § 28 provides in relevant part: Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstance . . . (2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws . . . ."

      Here, the state court specifically examined the issue of whether the search of the plaintiff was reasonable and, in doing so, applied the logic of this court's July 29, 2004 ruling in which this court concluded that the search was reasonable.  See Phaneuf v. Cipriano, supra, 39 Conn. L. Rptr. 890.  The plaintiff, however, appealed this court's July 29, 2004 ruling to the Second Circuit and the Second Circuit clarified the law with respect to school strip searches and vacated this court's previous ruling.  Phaneuf v. Fraikin, supra, 448 F.3d 591.  The state court, when it examined the plaintiff's state law claims, relied heavily on standards articulated by this court in its July 29, 2004 opinion and summarily adjudicated the matter in favor of the defendants.  Phaneuf v. Cipriano, supra, 39 Conn. L. Rptr. 890.

      The plaintiff submits that the Second Circuit's opinion constituted an intervening change in the law; a search that was determined by prior standards to be reasonable was

8

determined to be unreasonable as a result of the court's articulation of a higher degree of suspicion for student strip search cases.  <u>Phaneuf v. Fraikin</u>, supra, 448 F.3d 591 at 596-97.  To refuse to reach the plaintiff's claims because of the application of law that has been subsequently clarified will result in an inequitable administration of the laws.  The plaintiff respectfully requests that the court deny the defendant's motion for summary judgment.

### IV.

### CONCLUSION

The plaintiff submits that the summary adjudication of the plaintiff's state law claims does not bar the assertion of her federal law claims on the grounds of either res judicata or collateral estoppel.  The doctrine of res judicata, the plaintiff submits, is inapplicable to this case since the plaintiff did not litigate her federal law claims in her state law action because those claims were being appealed to the Second Circuit.  Furthermore, the state court did not reach the issue of whether or not the defendants' actions constituted a violation of 42 U.S.C. § 1983, so collateral estoppel does not bar the further assertion of her federal claims in this court.  Moreover, even if the issues were litigated in the plaintiff's state law action, the plaintiff submits that there has been intervening change in the applicable legal context and to hold otherwise would result in an inequitable administration of the laws.  Accordingly, the plaintiff respectfully requests that the Court deny the defendants' motion for summary judgment.

                                  **THE PLAINTIFF,**
                                  **KELLY PHANEUF**


                        **By:** /s/ Sheila J. Hall
                             Sheila J. Hall (ct 22566)
                             Gesmonde, Pietrosimone & Sgrignari, L.L.C.
                             3127 Whitney Avenue
                             Hamden, CT 06518-2344
                             (203) 407-4200


## CERTIFICATION

This is to certify that a copy of the foregoing was electronically filed and mailed, via first class, postage prepaid, this 23rd day of July 2007 to:

James G. Williams, Esq.
Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT 06473


                                                  /s/ Sheila J. Hall
                                                  Sheila J. Hall