### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KELLY PHANEUF,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil No. 3:03CV00372 (AVC)** |
| | : | |
| **v.** | : | |
| | : | |
| **ROSE MARIE CIPRIANO, DORENE M.** | : | |
| **FRAIKIN, KATHLEEN BINKOWSKI,** | : | |
| **TOWN OF PLAINVILLE and PLAINVILLE** | : | |
| **BOARD OF EDUCATION,** | : | |
| | : | |
| **Defendants.** | : | **JULY 31, 2007** |

## DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants, Town of Plainville and Plainville Board of Education, in the above referenced action; hereby submit this Reply to the plaintiff's Objection to the defendant's Motion for Summary Judgment; dated July 23, 2007. For the reasons set forth herein and in their Memorandum of Law, defendants' Motion for Summary Judgment should be granted because the plaintiffs 42 U.S.C. § 1983 action is barred by the application of res judicata and collateral estoppel.

-1-

**Williams, Walsh & O'Connor, LLC**
110 Washington Avenue, Second Floor
North Haven, CT 06473
(Tel) 203-234-6333 (Fax) 203-234-6330
Juris No. 421162

**A.    Defendants are Entitled to Judgment as to Plaintiffs 42 U.S.C. § 1983 Claim based on the Doctrine of Res Judicata**

The defendants, Town of Plainville and Plainville Board of Education, are entitled to Judgment as to the plaintiffs 42 U.S.C. §1983[0] claim because the plaintiff unsuccessfully argued in her Connecticut action that the search violated her rights under Article First, § 7 of the Connecticut Constitution. Thus, the plaintiff's §1983 claim, based on the same facts and alleged violations of her Article First, § 7 of the Connecticut Constitution claim, is barred by the doctrine of res judicata.

As outlined in defendants' Memorandum, application of the "transactional test" of the Restatement (Second) of Judgments § 24 to the present matter shows that the plaintiff's § 1983 claim arises from the same transaction or series of transactions as her Article First, § 7 of the Connecticut Constitution claim and other state law claims; to which summary judgment was granted in the defendants favor.  The plaintiff's Complaint sounding in a violation of § 1983 and her claim under Article First, § 7 of the Connecticut Constitution are based on the same group of facts and circumstances.  The issues decided and the standards applied by Judge Berger in the Connecticut Superior Court in rejecting the plaintiff's state constitutional claim are the same that would be applicable to the plaintiff's § 1983 claim.  After applying the same test that would be applied in this action, namely New Jersey v. TLO, Judge Berger found that the search

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

did not violate the Connecticut Constitution; which may have offered the plaintiff a higher level of constitutional protection. *See* Cologne v. Westfarms Associates, 192 Conn. 48, 57, 469 A.2d 1201 (1984).

In her objection, the plaintiff contends that the Connecticut Superior Court did not adjudicate her § 1983 claim because the state court action only sounded in a violation of Article First, § 7 of the Connecticut Constitution, negligence, indemnity, intentional infliction of emotional distress, negligent infliction of emotional distress and invasion of privacy.  However, as noted above, in order to find that the defendants were entitled judgment as to all of those claims, Judge Berger first determined that the search was justified at its inception and reasonable in scope, under the federal standard. New Jersey v. TLO, 469 U.S. 325 (1985).   Additionally, he had to find that the defendants acted under color of law.  This again would be the same inquiry here.  Although Judge Berger adopted the reasoning of Judge Covello in the prior ruling on defendant's Motion for Summary Judgment, he specifically found that

> ... the search ordered by the school principal based upon the statements of a reputable student, conveyed to a teacher, the plaintiff's past disciplinary history, the contraband found in the plaintiff's purse and the pressing concern of drug use, was justified. Additionally, as the search was conducted solely by the plaintiff's mother, in a private location, albeit under the supervision of the school nurse, this court finds that it was reasonable.

**Williams, Walsh & O'Connor, LLC**
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

(**Dkt. # 50-3**, pg. 3-4).

Accordingly, because the state and federal standards regarding the search of the plaintiff are nominally the same in all material respects, the determination of Judge Berger is equally dispositive of the plaintiff's claim under § 1983, and the defendants are entitled to judgment as a matter of law because the plaintiff's claims are barred by the doctrine of res judicata.

**B.     Defendants are Entitled to Judgment as to Plaintiffs 42 U.S.C. § 1983 Claim based on the Doctrine of Collateral Estoppel**

As the plaintiff states in her objection, collateral estoppel, or issue preclusion, applies where: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." (Internal quotation marks omitted.) <u>Uzdavines v. Weeks Marine, Inc.</u>, 418 F.3d 138, 146 (2nd Cir. 2005). Applying this standard to the present matter, the defendants are entitled to Judgment as to the plaintiffs 42 U.S.C. §1983 claim because said claim is barred by the doctrine of collateral estoppel.

Initially, the "identical issue was raised in a previous proceeding."  Again, as noted above and in the defendants' Memorandum, the plaintiff previously challenged the

-4-

reasonableness of the defendants' search in the Connecticut Superior Court, and the Court rejected said claim.  Additionally as indicated previously, the Connecticut court applied the standard set forth in <u>New Jersey v. T.L.O.</u>, 469 U.S. 325 (1985); the same standard that would be applied to the issue here under a § 1983 claim analysis.

Secondly, said issue "was actually litigated and decided in the previous proceeding."  Again, Judge Berger specifically found that the search of the plaintiff was justified at its inception and reasonable in scope under the standard set forth in <u>New Jersey v. TLO</u>.  This would be the same inquiry and issue that would need to be decided in the present matter.

Third, the plaintiff had a "full and fair opportunity to litigate the issue."  The defendants submit that the plaintiff was afforded a full and fair opportunity to litigate the issue of the reasonableness of the search in the Connecticut Superior Court.  At the state court level the plaintiff submitted a brief in opposition to defendant's motion for summary judgment along with exhibits and presented oral argument to the court. Additionally, the plaintiff was afforded the opportunity to appeal the decision of Judge Berger; finding that the search was justified and reasonable under <u>New Jersey v. TLO</u> and said decision became a final judgment.

**Williams, Walsh & O'Connor, LLC**
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

Finally, the resolution of whether the search was justifiable at its inception and reasonable in scope "was necessary to support a valid and final judgment on the merits."  Again, Judge Berger, in finding that the defendants' actions were reasonable and did not violate Article First, § 7 of the Connecticut Constitution, was required to, and did, determine that the defendants' actions were within the standard of <u>New Jersey v. T.L.O.</u>, and could not have granted summary judgment without determining the defendants' actions were constitutional.  Without determining that the search was reasonable and justified, Judge Berger would not have been able to validly render judgment in the defendant's favor.

**C.    Conclusion:**

WHEREFORE, because the plaintiff's §1983 claim was and is based on the same facts and alleged violations of her Article First, § 7 of the Connecticut Constitution claim, and was actually litigated and necessarily determined by the Connecticut Superior Court, the defendants are entitled to judgment as a matter of law because her claim is barred by the doctrines of res judicata and collateral estoppel.

Respectfully Submitted,

THE DEFENDANTS,
TOWN OF PLAINVILLE,

-6-

**Williams, Walsh & O'Connor, LLC**
110 Washington Avenue, Second Floor
North Haven, CT  06473
(Tel) 203-234-6333  (Fax) 203-234-6330
Juris No. 421162

PLAINVILLE BOARD OF EDUCATION

By Their Attorney,


/s/ James G. Williams
JAMES G. WILLIAMS, ESQ.
FEDERAL BAR NO CT 01938
WILLIAMS WALSH & O'CONNOR LLC
110 WASHINGTON AVE, 2ND FLR
NORTH HAVEN CT 06473
TEL (203) 234 6333
FAX (203) 234 6330

-7-