3:03CV0372(AVC). January 31, 2008. The motion is DENIED. This is an action for damages alleging violations of the Fourth Amendment to the United States Constitution. It is brought pursuant to 42 U.S.C. § 1983. The defendants move for summary judgment, based on the doctrines of res judicata and collateral estoppel. The plaintiff argues that the federal causes of action are not barred by res judicata or collateral estoppel.

On July 29, 2004, this court granted summary judgement to the defendants on the federal causes of action after concluding that the search in question was reasonable, and declined to exercise jurisdiction over the remaining state claims. On August 31, 2004, the plaintiff appealed that ruling to the Second Circuit. The plaintiff also re-filed the state claims in state court. On May 31, 2005, while the federal appeal was still pending, the state court dismissed the state claims, basing its decision on the reasoning employed by this court in its July 29, 2004, ruling. On May 19, 2006, the Second Circuit ruled on the appeal, and upon concluding that the search in question was not reasonable vacated this court's July 29, 2004, ruling.

Res judicata "preclude later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." In re Teltronics Svcs., Inc., 762 F.2d 185, 190 (2d Cir. 1985). The doctrine of collateral estoppel prevents "relitigating an issue . . . previously litigated and lost." Faulkner v. Nat'l Geographic Enters., 409 F.3d 26, 37 (2d. Cir. 2005). However, an intervening change of law may render the application of collateral estoppel inappropriate. Id.

The court concludes that the federal causes of action, remanded to this court by the Second Circuit, are not barred by the doctrines of res judicata or collateral estoppel based on the state court's decision on the state claims. Given the pendency of the federal appeal at the time of the state court's decision, the court concludes that the application of res judicata is not appropriate. Furthermore, given the intervening change or clarification of law relating, at least, to the federal causes of action, the court concludes that it is inappropriate to apply collateral estoppel. The motion for summary judgment (document no. 61) is therefore DENIED.

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KELLY PHANEUF,<br><br>             Plaintiff,<br><br>     v.<br><br>ROSE MARIE CIPRIANO, DORENE M. FRAIKIN, KATHLEEN BINKOWSKI, TOWN OF PLAINVILLE and PLAINVILLE BOARD OF EDUCATION,<br><br>             Defendants. | : Civil No. 3:03CV00372 (AVC)<br>:<br>:<br>:<br>:<br>:<br>:<br>: MAY 18, 2007 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendants, Town of Plainville and Plainville Board of Education, in the above referenced action, hereby respectfully move for Summary Judgment Summary Judgment as to Count One of the plaintiff's Complaint. The defendants respectfully submit that there are not genuine issues of material fact and the defendants are entitled to judgment as a matter of law. As is articulated in the supporting Memorandum of Law accompanying this Motion, the plaintiff's claim is barred by the doctrines of res judicata and collateral estoppel.

-1-

Williams, Walsh & O'Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT 06473
(Tel) 203-234-6333 (Fax) 203-234-6330
Juris No. 421162